David AUXIER, Appellant,

v.

COMMONWEALTH of Kentucky, BOARD OF EMBALMERS AND FUNERAL DIRECTORS and Robert Stephens, Attorney General, Appellees.

Court of Appeals of Kentucky.

April 15, 1977.

Rehearing Denied July 8, 1977.

James W. Bryant, Schaefer & Airhart, Louisville, for appellant.

Joseph J. Leary, Frankfort, for appellees.

Before HOGGE, COOPER and REYNOLDS, JJ.

HOGGE, Judge.

This appeal arises out of an action wherein appellant sought to permanently enjoin appellees from taking administrative action under KRS 316.150(1)(c) so as to revoke his license as an embalmer and funeral director on the grounds that the statute is unconstitutional. Appellant asked for both temporary injunction and permanent injunction. The circuit court granted a temporary restraining order preventing appellees from taking any administrative action against appellant pending a hearing on his motion for a permanent injunction. The circuit court made certain findings based on memoranda submitted by the parties, and entered an order denying appellant's motion for permanent injunction and dissolving the temporary restraining order. This appeal followed.

Appellant is a licensed embalmer and funeral director. By a letter dated July 15, 1976, appellant was notified that the State Board of Embalmers and Funeral Directors had voted not to renew his license upon its expiration on July 31, 1976 for certain alleged violations of the statute controlling the activities of such licensees. The letter advised appellant he was entitled to a hearing on the matter before the board, if he requested it. On July 27, 1976, appellant filed his complaint alleging the notice and hearing were not constitutionally sufficient and that the statute under which the action of the board was threatened was unconstitutionally vague and overbroad.

On July 27, 1976 the Franklin Circuit Court entered an order restraining the board from refusing to renew appellant's license. On August 2, 1976 appellant filed an amended petition asking that the board be permanently enjoined from enforcing KRS 316.150 and asking that the court declare the statute unconstitutional. The board then gave appellant notice, setting forth, with particularity, the charges, and that a hearing was scheduled for August 18, 1976. Upon appellant's motion the court issued an order staying all administrative proceedings until after the court had considered the claims of the appellant. Upon the briefs and record, the court entered an order dissolving the restraining order and denying appellant's petition for permanent injunction. An accompanying opinion stated: 1) The statute was not unconstitutional. 2) The second notice was sufficient to apprise the appellant of the charges against him. 3) The burden of proof concerning the charges would rest on the board. 4) A suspension or revocation by the board is appealable to the Franklin Circuit Court. This appeal challenges only the first finding.

Appellant contends that KRS 316.-150(1)(c) is unconstitutional for vagueness and overbreadth, and as applied. Appellant's argument concerning vagueness and overbreadth is essentially that certain terms in the statute are vague and the board has not adopted regulations that would clarify the statute. The statute herein challenged provides that the board may refuse or revoke the license of an embalmer or funeral director for: "A solicitation of business in any way by offering or giving any service which is not a normal function of a licensed funeral director or embalmer in a regular service."

Appellant submits that a licensee can only guess at the meaning of terms "normal function" and "regular service". It is true that the words "normal" and "regular", standing alone, have very little meaning. However they are not standing alone; they are an integral part of the provision. Kentucky courts have long taken the position that the courts will "draw all inferences and implications from the act as a whole and thereby, if possible, sustain the validity of the act." *Folks v. Barren County*, 313 Ky. 515, 232 S.W.2d 1010, 1013 (1950). *Id.* at 1013, the court stated: "Where the lawmaking body, in framing the law, has not expressed its intent intelligibly, or in language that *the people upon whom it is designed to operate or whom it affects* can understand . . . the statute will be declared to be inoperative and void." [Emphasis ours.] There can be no doubt that the licensed embalmers and funeral directors are well aware of what constitutes

the normal functions and regular services of their profession. Appellant even admits his action was not normal or regular. We, therefore, find that KRS 316.150(2) is not unconstitutionally vague or overbroad.

Although not briefed, in oral argument before this court appellant put forth his position that a statute conferring authority on an administrative agency is fatally defective if such statute does not provide for a mandatory due process hearing in all cases involving revocation or suspension or refusal to grant or renew an occupational license. Appellant contended that such a defect could not be cured by the actual granting of a due process hearing.

We have found no authority to indicate this position is an accurate statement of the law. A number of Kentucky statutes do, indeed, provide for mandatory due process hearings. However, a number do not.

■ It is the opinion of this court that a licensee's constitutional right to the protection of due process of the law is fulfilled when the agency grants and conducts a hearing that affords the licensee all his constitutional rights. The wording of the statute cannot be used as a gauge to determine whether or not the appellant's constitutional rights were violated.

Appellant also sought to have the circuit court declare the KRS Ch. 316 unconstitutional, as applied, for the reason that the board has called him to defend against alleged violations of KRS Ch. 216 and KRS Ch. 281 and certain ordinances of the City of Louisville.

■ The law in Kentucky is well settled. The subject-matter jurisdiction of an administrative agency is limited solely to that granted by Legislature. *Department of Conservation v. Sowders*, Ky., 244 S.W.2d 464 (1951); *Johnson v. Correll*, Ky., 332 S.W.2d 843 (1960).

The board, however, has not yet held appellant accountable for violations of those statutes or ordinances, nor has the board penalized appellant for any violations thereof. Furthermore, KRS 316.160 specifically provides that direct appeal to the Franklin Circuit Court may be had from an unfavorable action of the board upon an allegation that the board acted in excess of its powers. We, therefore, find it unnecessary to pass on this constitutional objection of the appellant.

■ Injunctive relief is proper only where the party seeking such relief has made a clear showing that his rights will be violated and that, as a result, he will suffer immediate and irreparable injury. This court is of the opinion that appellant has made no such showing, and that the statutory safeguards adequately protect the rights of the appellant in this matter.

Accordingly, the judgment of the Franklin Circuit Court is hereby affirmed.

All concur.