**Donna R. KIDD, Appellant,**

v.

**Bruce MONTGOMERY, Commissioner, Department of Parks, Commonwealth of Kentucky, W. Gayle Faust, Director, Division of Personnel, Department of Parks, Commonwealth of Kentucky, Addie Stokley, Commissioner, Department of Personnel and Secretary to the Personnel Board, Dallas Wade, Jr., Superintendent, Lake Cumberland State Resort Park, Appellees.**

Court of Appeals of Kentucky.

April 27, 1979.

As Modified June 15, 1979.

Joel R. Smith, Wilson & Smith Law Offices, Jamestown, for appellant.

Eugene D. Attkisson, Dept. of Parks, Frankfort, Max M. Smith, Frankfort, for appellees.

Before LESTER, HOGGE and VANCE, JJ.

HOGGE, Judge.

The appellant in the case now before us is Donna R. Kidd, who was dismissed from a merit system position with the Commonwealth of Kentucky. The appellees are officers and employees of the Department of Parks and the Department of Personnel. Mrs. Kidd brought suit against the appellees seeking damages and reinstatement to her position as a clerk typist at Lake Cumberland State Resort Park. Mrs. Kidd's complaint was dismissed by a summary judgment of the Russell Circuit Court and she appeals. Among the questions to be considered in this proceeding are whether Mrs. Kidd followed the appropriate remedies in challenging her dismissal, and whether certain statutes and regulations pertaining to merit system personnel are unconstitutional as applied to Mrs. Kidd.

On October 29, 1976, W. Gayle Faust, Personnel Director of the Department of Parks, sent a letter to Mrs. Kidd informing her that she was suspended from her position for a period of thirty (30) days. The reason given for the suspension was that an auditor's investigation revealed a loss of cash by theft at Lake Cumberland State Resort Park "for which the evidence strongly indicates that you [Mrs. Kidd] are responsible." Mrs. Kidd was notified that a pretermination hearing was set for November 4, 1976. She was also notified that a warrant had been issued for her arrest.

Mrs. Kidd did not appear for her pretermination hearing. However her attorney, Robert Wilson, wrote Mr. Faust on November 8, 1976, stating that he had informed Mrs. Kidd it would not be in her interest to appear at any hearing until a resolution of the criminal charges was made. Mr. Wilson

requested that no action as to firing be taken yet and that Mrs. Kidd be granted the opportunity to defend herself at the proper time and place. Mr. Wilson asked that the letter be considered an appeal of any actions of suspension or firing. A copy was sent to Mrs. Addie Stokley, the Commissioner of Personnel.

On December 2, 1976, Mr. Faust wrote Mrs. Kidd a letter, notifying her of her dismissal. The reason cited for her dismissal was that the auditor's investigation had revealed a loss of cash by theft for which the evidence indicated that Mrs. Kidd was responsible, or had knowledge as to who the responsible party was. The letter noted that Mrs. Kidd did not appear for a pretermination hearing, which would have afforded an opportunity to correct any mistaken impression, and that she did not offer any explanation at the examining trial. Mr. Faust stated to Mrs. Kidd that under the circumstances, they had no choice but to dismiss her.

A separate letter, dated December 16, was sent to Mr. Wilson, also indicating that Mrs. Kidd had been dismissed because of the evidence of her guilt, and since no explanation had been offered. This letter explained the procedure for appeal.

Mrs. Kidd was acquitted on June 23, 1977, of all criminal charges pending. Mr. Wilson then wrote the Commissioner of Personnel requesting a hearing on the matter of Mrs. Kidd's dismissal. On August 16, 1977, an order denying Mrs. Kidd's attempted appeal was signed by Addie Stokley, Commissioner of the Department of Personnel and Secretary to the Personnel Board. The ground on which the appeal was denied was that Mrs. Kidd had failed to appeal the disciplinary action taken against her within the thirty (30) days required by law. On August 23, 1977, Mrs. Kidd filed suit against the appellees in Russell Circuit Court.

■ In this appeal from the dismissal of her suit, Mrs. Kidd argues that she is being penalized for the exercise of her constitutional rights and that the statutes and administrative regulations requiring her to respond to the allegations against her prior to her trial on criminal charges are unconstitutional as applied to her. This Court is aware that the principle that public employees cannot be dismissed for invoking and refusing to waive their constitutional right against self-incrimination is well established in the law. *Gardner v. Broderick*, 392 U.S. 273, 278, 88 S.Ct. 1913, 1916, 20 L.Ed.2d 1082, 1087 (1968); *Uniformed Sanitation Men Association v. Commissioner of Sanitation*, 392 U.S. 280, 283, 88 S.Ct. 1917, 1919, 20 L.Ed.2d 1089, 1092 (1968). However, the statutes and administrative regulations of this Commonwealth have provided a forum and a procedure whereby such arguments are to be raised.

KRS 18.270 provides that any classified employee who is dismissed or suspended may, within thirty (30) days after such dismissal or suspension, appeal to the personnel board for review. The final order of the personnel board may, within thirty (30) days of its entry, be appealed to Franklin Circuit Court. KRS 18.272. 101 K.A.R. 1:130(7) states that the appeal to the board shall be through the commissioner, shall be in writing, and shall set forth the basis of the appeal.

■ The only attempt which Mrs. Kidd made to appeal either her suspension or dismissal within the thirty (30) day limit was the correspondence of her attorney with Mr. Faust, Personnel Director of the Department of Parks, with a copy being sent to Mrs. Stokley, Commissioner of the Department of Personnel and Secretary to the Board. The correspondence was not directed to the Board, and did not set forth the specifics of Mrs. Kidd's argument. The November 8 letter merely stated that "it was not in Mrs. Kidd's interest to appear" until the matter of criminal charges was resolved and requested that action be deferred until Mrs. Kidd had "the opportunity to defend herself at the proper time and place." Although appellant attempts to have this considered as an appeal, we do not believe it meets the requirements of an appeal under the applicable statutes and regulations, which we have just discussed.

It is our opinion that Mrs. Kidd has failed to exhaust her administrative remedies. A litigant will ordinarily be required to exhaust his administrative remedies before resorting to the courts for relief. *Tharp v. Louisville & N.R. Company*, 307 Ky. 322, 210 S.W.2d 954 (1948); *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557 (1949). We are aware of the rule that direct judicial relief is available without exhaustion of administrative remedies where a statute is charged to be void on its face, *Goodwin, supra*, but nowhere in the complaint filed in circuit court did appellant allege that any particular statute or regulation was void on its face. The thrust of the argument in circuit court was a grievance regarding "individuals here involved violating [Mrs. Kidd's] . . . constitutional privilege against self-incrimination." Appellant made no effort to follow the procedures for a merit system appeal, where at a hearing before the personnel board, she might have sought delay of the proceedings or asserted her right to remain silent without forfeiting her job as a penalty for exercise of that right.

We hold that there was no genuine issue of material fact in this case and that the appellees were entitled to summary judgment as a matter of law. *New Amsterdam Casualty Company v. Allen*, Ky., 446 S.W.2d 278 (1969).

The judgment of the circuit court is affirmed.

All concur.