Elizabeth CLIFTON, Movant,

v.

MIDWAY COLLEGE, Respondent.

Supreme Court of Kentucky.

Sept. 5, 1985.

As Modified on Denial of Rehearing
Feb. 6, 1986.

Philip C. Kimball, Louisville, for movant.

Tom H. Pierce, Rouse, Rouse, Combs & Pierce, Versailles, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a summary judgment dismissing a lawsuit brought by Clifton pursuant to KRS 344.450 alleging that Midway College demoted and later discharged her from employment because of her age and/or sex.

The questions presented are whether the circuit court had jurisdiction to consider the complaint, whether Clifton had made an improper election of remedies and whether the complaint was time barred.

On June 16, 1981, Midway College discharged Elizabeth Clifton from her position of employment. She had served as assistant registrar since October 1978, when she had been demoted from the position of registrar. At the time of her discharge she had been continuously employed by the college since 1955.

Clifton filed with the Equal Employment Opportunities Commission of the United States a document called "Charge of Discrimination," alleging that she had been demoted and then fired because of her age,

47 years, or because of her sex, or for both reasons. On July 13, 1981, the federal commission deferred her complaint to the Kentucky Commission on Human Rights. On October 26, 1981, the state agency advised Clifton that it had relinquished jurisdiction over the claim back to the federal agency. On December 17, 1982, the federal bureau issued a "Notice of Right to Sue" to Clifton. On March 31, 1983, she filed a lawsuit against Midway College in the Woodford Circuit Court pursuant to KRS 344.450.

The circuit court issued a summary judgment dismissing her complaint concluding that she had a claim before the Kentucky Commission thereby precluding her from the Kentucky courts, and that the notification she received from the federal agency constituted a final determination and therefore the circuit court lacked jurisdiction. The Court of Appeals upheld the decision of the circuit court. This Court granted discretionary review.

This Court reverses the decision of the Court of Appeals because the complaint is not time barred and the circuit court still has jurisdiction to consider the merits of the allegations.

 In considering any summary judgment it is necessary to remember that the movant has the burden of establishing that no genuine issue as to any material fact exists and that he is entitled to a judgment as a matter of law. All doubts must be resolved against the movant. It must be clearly established that the adverse party cannot prevail under any circumstances. That situation does not exist here.

Clifton, who was acting without the benefit of counsel in the initial phases of this incident, found her claim deferred or transferred by the federal agency to the state agency, all within the particular technical language of the law. The state agency did nothing with the complaint other than to relinquish jurisdiction back to the federal agency almost exactly 60 days after it had received the complaint from the federal agency. Once Kentucky had returned jurisdiction to the federal agency in Septem-

ber 1981, that agency failed to reach any sort of determination on the substantive issue and allowed more than 180 days to pass since Clifton filed her original charge of discrimination. On December 17, 1982, the federal agency issued Clifton a "Notice of Right to Sue."

Although it may be argued that both the state and the federal governmental bureaus acted within the letter of the law, neither agency afforded her any sort of an evidentiary hearing on the merits of her complaint.

Both the circuit court and the Court of Appeals supported an "Election of Remedies" theory on the basis of KRS 344.270.

In reaching this decision, both the Court of Appeals and the circuit court failed to acknowledge the decision of *McNeal v. Armour & Co.*, Ky.App., 660 S.W.2d 957 (1983), which held that once a claimant alleging illegal discrimination has received a "Notice of Right to Sue," nothing in KRS 344.270 is an obstacle to asserting a claim in a Kentucky circuit court pursuant to KRS 344.450, so long as the claimant does not seek to use a parallel remedy in federal court under 42 U.S.C. 2000 et seq.

■ An individual who has charges of discrimination referred by the federal agency to the state agency, but without an order issued by the Kentucky agency, is not precluded by KRS 344.240(6), from pursuing rights under KRS 344.450. *Canamore v. Tube Turns, Div. of Chemetron Corporation,* Ky.App., 676 S.W.2d 800 (1984).

As in *Canamore, supra,* there is no evidence that the Kentucky agency ever gave the charges the slightest consideration, and there is also no evidence in this case that the Kentucky bureau ever issued any order relating to the claim of discrimination.

Clearly the complainant has been the victim of a bureaucratic shuffle without the benefit of any kind of evidentiary hearing on the merits of her charges. Certainly this is not the purpose of either the state or federal law.

The complaint of Clifton was not time barred when she filed it in March 1983.

No limitation period is prescribed in the part of the statute that creates a liability against those who violate the law. No limitation period is prescribed in KRS 344.-450 which creates the private right of action against such violators.

■ The only time limitation is the 180 days for filing complaints found in KRS 344.200(1). This limitation is obviously a procedural requirement only for invoking the administrative process. It is not a time fixed by statute creating the liability, *see* KRS 413.120(2), because it is entirely independent of the provisions that create the liability in Chapter 344. KRS 344.200(1) does not apply to actions commenced in the courts. The proper statute to be applied in such actions of a civil rights nature is KRS 413.120(2); *Canamore, supra,* at 803.

■ The argument that Clifton was barred by her decision to elect certain remedies is without merit. The charge of discrimination filed with the federal agency was completed on a standard form, "EEOC Form 5B, March, 1979" in the lower left-hand corner. The form included a typed addition of Kentucky Commission on Human Rights near the top. The signature of Elizabeth Clifton on the charge of discrimination form filed with the federal agency which was subsequently deferred to the Kentucky bureau did not transform that document into the written, sworn complaint before the Kentucky Commission on Human Rights contemplated by KRS 344.-200(1).

■ Pertinent parts of Kentucky law relative to sworn statements are KRS 446.-010(32) and KRS 446.010(22), which indicate that a sworn statement is given by the maker thereof under oath before one other than the maker who is authorized by law to administer an oath. Clifton did not sign the charge of discrimination in the space where the oath was provided. Instead, she signed in the left-hand corner above the words "I declare under penalty of perjury that the foregoing is true and correct."

There is nothing to indicate that she was sworn in any manner at the time she signed the charge. *See Asher v. Sizemore,* Ky., 261 S.W.2d 665 (1953). The absence of a written sworn complaint is a jurisdictional defect which precludes the assertion that the Kentucky agency had undertaken any authority in this regard. *See Stewart v. Core Laboratories, Inc.,* 460 F.Supp. 931 (N.D.Tex.1978); *Weeks v. Southern Bell Telephone & Telegraph Co.,* 408 F.2d 228 (5th Cir.1969).

Clifton has not elected remedies so as to remove jurisdiction from the circuit court. There has been no final determination by an agency so as to prevent consideration by a court, and the circuit court has appropriate jurisdiction, the claim is not time barred. Therefore, this Court reverses the decision of the Court of Appeals and the judgment of the circuit court and this case is remanded to the Woodford Circuit Court for proceedings on the merits of the claim of discrimination.

STEPHENS, C.J., and AKER, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., concurs in result.

GANT and STEPHENSON, JJ., dissent.