**358**

Noble H. CLARKE, III and Anne B. Clarke, His Wife, Appellants,

v.

Most Reverend Thomas C. KELLY, O.P., In His Capacity as Archbishop of the Louisville Diocese of the Catholic Church; Catholic Charities and Reverend Herman J. Naber, in His Capacity as the Executive Director of Catholic Charities, Appellees.

Court of Appeals of Kentucky.

April 4, 1986.

Gary D. Payne, Lexington, for appellants.

P. Kevin Ford, Louisville, for appellees.

Before HOWARD, COMBS and DUNN, JJ.

DUNN, Judge.

Appellants, Noble H. Clarke, III and his wife, Anne B. Clarke, appeal from the Jefferson Circuit Court's summary judgment denying their prayer for relief in their complaint alleging discriminatory conduct against them by appellees. We affirm.

As distinguished from churches having a congregational form of government without any judicatory with revisory powers, the Roman Catholic Church's form of government is that of a prelacy, that is it is governed by prelates. Its form of government is often referred to as being prelatic or prelatical. The appellee, Most Rev. Thomas C. Kelly, is the Archbishop of the Louisville Diocese of the Roman Catholic Church, appointed by the Pope and serving under the Pope's authority.

As part of the Louisville Diocese under the archbishop's authority, there is the appellee agency Catholic Charities, whose executive director is the appellee, Rev. Herman J. Naber, appointed by and serving under the archbishop. One of its functions is that of a child-placing agency licensed by the Commonwealth of Kentucky. This case evolves from that activity.

KRS 199.471 provides:

*Denial of adoption on religious, ethnic, or racial grounds.—*

Petitions for adoption of children placed for adoption by the cabinet or a licensed child-placing institution or agency shall not be denied on the basis of the religious, ethnic, racial or interfaith background of the adoptive applicant, unless contrary to the expressed wishes of the natural parent(s).

The appellant couple are members of a Father Wathen-led group known as the

Sovereign Order of the Knights of St. John of Malta. They attend the Priory of St. John the Baptist. This group recognizes no fealty to Archbishop Kelly and does not recognize his authority. The appellants perfected an application with Catholic Charities seeking to adopt a child. They requested their names be placed on Catholic Charities "Catholic" list of applicants. Instead Father Naber, with the archbishop's approval, drawing a distinction between Catholics in union with Archbishop Kelly and Catholics not in union with him, placed the appellants' names on a list labeled "traditional Catholics," since their group was not in union with the archbishop. Appellants without denying their non-union nonetheless maintain they are "Catholic" and placing them on the "traditional Catholic" list was discriminatory.

In considering any summary judgment it is necessary to remember that the movant has the burden of establishing that no genuine issue as to any material fact exists and that he is entitled to a judgment as a matter of law. All doubts must be resolved against the movant. *See Clifton v. Midway College*, Ky., 702 S.W.2d 835 (1985).

Relying on *Parker v. Harper*, 295 Ky. 686, 175 S.W.2d 361 (1943), the trial court found and held this controversy is of a doctrinal or theological nature and, therefore, beyond its jurisdiction. We agree.

Appellants also agree that, if this is purely a theological question, the trial court would be without jurisdiction to hear this action. They maintain, however, that the court must get involved when the controversy involves a civil or property right and the court may, by necessity, have to decide which faction represents the true faith.

At the risk of being accused of oversimplification the simple issue before us is the determination of the answer to the above question posed by appellants. Which faction represents the true faith (the Roman Catholic Church)? The prelatic form of government of the Roman Catholic Church would suggest that those in union with the archbishop and through him with the pope represent the Roman Catholic Church and not those not in union. Though nominally Catholic it would seem they are not in good standing and should not be denominated as such.

This, however, is purely a doctrinal or theological question that can only be answered by an ecclesiastical judicatory with revisory powers. We have no power to interfere in view of the fact that the Roman Catholic Church's government is not congregational but is prelatical with a judicatory with revisory powers. *See Parker v. Harper. supra.*

No violence is done to KRS 344.020(1) or KRS 199.471, upon which appellants depend for their charge of discrimination, since once the purely doctrinal question above is answered by the ecclesiastical judicatory, the questions raised civilly by these statutes can be addressed by the civil judicatory.

The summary judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.