**KENTUCKY PERSONNEL BOARD; Philip Taliaferro, Chairman; James S. Way, Jo Etta Wickliffe, J. Ed Deshazer, Robert Walsburger, James I. Terry and Harry Jones, Members; and Arthur Hatterick, Executive Director, Appellants,**

v.

**Morgan T. ELKINS, Commissioner, ex rel. KENTUCKY STATE POLICE; and Melissa Jan Williamson, Appellees.**

Court of Appeals of Kentucky.

Nov. 21, 1986.

Discretionary Review Denied by Supreme Court March 3, 1987.

Steven G. Bolton, Gen. Counsel, Kentucky Personnel Board, Frankfort, for appellants.

Larry Fentress, Kentucky State Police, Office of Legal Counsel, Cathy Cravens Snell, Lucy B. Richardson, Justice Cabinet, Office of Gen. Counsel, Frankfort, Darrell B. Hancock, Lexington, for appellees.

Before COOPER, HOWARD and McDONALD, JJ.

McDONALD, Judge:

The appellant, Kentucky Personnel Board, has appealed from the judgment of the Franklin Circuit Court which permanently enjoins the board and its members from proceeding in the hearing requested by the appellee, Melissa Jan Williamson.

Ms. Williamson sought the hearing pursuant to KRS 18A.095 on the basis that her employer, the appellee, Morgan T. Elkins, Commissioner, Kentucky State Police, had illegally discriminated against her on the basis of her sex in declining to promote her to the position of radio room supervisor and in assigning the position to a less qualified male. The alleged adverse employment action occurred on July 27, 1984. On July 30, 1984, Williamson contacted the police commissioner's office concerning her claim of discrimination. In a letter of September 4, 1984, Commissioner Elkins assured Ms. Williamson that her claim had been investigated by the "departmental EEO Coordinator" and reviewed by the "departmental EEO Counselor" and that it was the "department's" position that she was not the victim of unlawful sex discrimination. Unsatisfied with such assurances, on October 3, 1984, Williamson appealed to the state EEO coordinator in the Department of Personnel. Six months later, on April 3, 1985, Williamson received a letter from the state EEO coordinator which contained his conclusion that she was not given equal consideration by the state police for the position for which she applied. Further, on April 25, Ms. Williamson received a letter from Harold Newton, Deputy Commissioner, Department of Personnel, which explained that the Equal Employment Opportunity officer had no authority to order an agency to alter its discriminatory practices or any means to provide a remedy for the damages sustained by the victim of such discrimination, and informed her that upon its failure to "negotiate a resolution of problems that arise between employees and agencies," the employee has the option to appeal to the personnel board. That she promptly did, on April 29, 1985.

On July 3, 1985, the board scheduled the matter for a hearing to be held on August 5, 1985. Prior to the hearing, the appellee, Commissioner Elkins, moved the board to dismiss the matter for lack of jurisdiction as, he argued, Williamson had failed to appeal the decision not to promote her within the 30–day period required by KRS 18A.095(1). Simultaneously, Elkins filed the instant action seeking a declaratory judgment in the circuit court, alleging the board was without jurisdiction. He sought and obtained a temporary restraining order prohibiting the board from holding any hearing or rendering any orders in the matter, and upon motion for summary judgment, obtained the judgment appealed from which permanently enjoins the board from hearing the case. The personnel board has appealed.[1]

 The issue before us is whether the trial court erred in granting relief to one seeking injunctive protection against the acts or potential acts of an administrative agency without having exhausted his administrative remedies. As the court noted in *Board of Regents of Murray State University v. Curris*, Ky.App., 620 S.W.2d 322, 323 (1981), "[P]roper judicial administration mandates judicial deference until after exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter." A collateral attack, as here, on an agency's authority cannot automatically be resorted to as a remedy for an alleged error of law concerning jurisdiction as one aggrieved by such an order has a remedy in judicial review.

We are aware that there is authority in our jurisdiction that would provide for judicial intervention in agency matters without the exhaustion of administrative remedies under certain circumstances. Those are where the agency is obviously acting without jurisdiction as a matter of law or acting contrary to the constitution. *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557 (1948); *Sobolewski v. Louisville Downs, Inc.*, Ky.App., 609 S.W.2d 943 (1980). To obtain injunctive relief in such matters, as other types of extraordinary relief, one must show that intervention is necessary to avoid irreparable harm or injury. *Goodwin, supra; Auxier v. Commonwealth, Bd. of Embalmers and Funeral Directors*, Ky.App., 553 S.W.2d 286 (1977).

In *Goodwin*, it was held as follows:

Orderly procedure in cases of public administrative law favors a preliminary sifting process, particularly with respect to matters within the competence of the administrative authority set up by a statute....

.    .    .    .    .

Ordinarily the exhaustion of that remedy is a jurisdictional prerequisite to resort to the courts.

.    .    .    .    .

But direct judicial relief is held available without exhaustion of administrative remedies where the statute is charged to be void on its face, or where the complaint raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts, so that an administrative denial of the relief sought would be clearly arbitrary. [Citation omitted.] The concept of the term jurisdiction embraces action, or contemplated action, by the body without power and in the given case, it is necessary for the judiciary to restrain the agency in order to prevent *irreparable injury. Id.* 215 S.W.2d p. 559. [Emphasis added.]

 It is our opinion that the appellee, Kentucky State Police, was not entitled to

---

1. Although Ms. Williamson fought the commissioner's action in the circuit court, she did not take an appeal from the judgment nor has she participated in the board's appeal before this Court. Clearly a "victim of a bureaucratic shuffle," *see Clifton v. Midway College*, Ky., 702 S.W.2d 835, at 837 (1985), we do not know if she has become totally discouraged in her attempt to seek redress for the alleged discriminatory treatment or whether she has taken the gratuitous advice contained in the circuit court's opinion and judgment and sought relief pursuant to KRS Chapter 344. Of course, KRS 344.450 provides a direct action in circuit court for such claims, the statute of limitations for which is five years. *See Clifton, supra,* p. 837.

the relief discussed in these cases for several reasons. First, it is not clear to this Court that jurisdiction of the personnel board was clearly lacking as a matter of law. The case of *Kidd v. Montgomery*, Ky.App., 583 S.W.2d 87 (1979), cited by the trial court, is not precisely on point. In that case a state employee did not seek review by the personnel board of her termination from the Department of Parks until such time as the criminal charges brought by her employer, charges which also formed the basis for her dismissal, were resolved in her favor. Ms. Williams, on the other hand, diligently pursued her claim, first through the appropriate channels within her agency, and then through procedures established within the state Department of Personnel. Whether her actions in this regard were sufficient to toll the 30-day period for appealing to the personnel board, or whether other facts or circumstances exist which would otherwise toll the running of time to take an appeal to the board, are matters we cannot determine from the record before us and which require factual development before the board.

Secondly, and more importantly, the appellee's resort to judicial intervention was premature. As stated hereinbefore, the state police asked the personnel board to consider the issue of jurisdiction and to dismiss the case from its docket. Instead of waiting for the board to rule on that issue, Commissioner Elkins immediately sought and obtained a restraining order to prevent the board from considering or rendering any decisions in the matter, including his own motion to dismiss. As it was observed in *Preston v. Meigs*, Ky., 464 S.W.2d 271, 274 (1971), "Courts should not lightly assume that future administrative action not yet taken will be arbitrary." Until the board had an opportunity to decide the issue of whether it had jurisdiction to entertain Ms. Williamson's claims, the court should have declined to restrain the board from acting. We note that all the cases cited by the appellee concern cases arising from an agency's exercise of jurisdiction or a specific order or other determination that it possessed jurisdiction to act. The appellee has cited no cases which hold that judicial intervention is proper before an agency has made a determination adverse to the party seeking judicial relief on the threshold issue of jurisdiction.

Finally, whether or not the board had jurisdiction, Elkins failed to prove that it was entitled to injunctive relief as there was not evidence that the state police department was in any way harmed or about to be harmed by the board's consideration of the sex discrimination claim. In the findings in support of the temporary injunction, which were incorporated by reference in the final judgment, the court determined that "the number of command and supervising personnel of the Kentucky State Police who would need to testify in a hearing before the board would create severe staffing problems for the plaintiff [appellee Elkins]." This is the only justification for the court's exercise in controlling the personnel board in this action. However, until the board ruled on the commissioner's motion to dismiss, it was not known whether any employees would be required to testify, and thus this finding is based purely on speculation. Further, even had the board determined it had jurisdiction, there was no evidence at all that the board would not attempt to accommodate the appellee so as to alleviate any "staffing problems" that might arise.

The judgment of the Franklin Circuit Court is vacated.

All concur.