**KENTUCKY COMMISSION ON HUMAN RIGHTS, etc., et al., Movants,**

v.

**CITY OF OWENSBORO and Daviess County, Kentucky, etc., Respondents.**

No. 87–SC–201–DG.

Supreme Court of Kentucky.

March 3, 1988.

Rehearing Denied June 9, 1988.

Galen A. Martin, Thomas A. Ebendorf, Angela D. Koshewa, Kentucky Com'n on Human Rights, Louisville, for movants.

Ronald M. Sullivan, Owensboro, for respondents.

STEPHENS, Chief Justice.

The issue to be decided by this appeal is what statute of limitations is applicable to awards of back pay for actions brought under the Kentucky Civil Rights Act, KRS 344.230. We hold that the 5–year statute of limitations for statutory claims, KRS 413.120(2), is the proper one.

In April and May of 1980, movants, female nursing assistants in the Owensboro–Daviess County Hospitals' central supply unit, filed claims against respondents, alleging discriminatory pay practices with regard to the male and female orderlies or nursing assistants at the Owensboro–Daviess County Hospital. The movants maintained in their original complaint that the respondents were paying the male nursing assistants higher wages than the female nursing assistants for substantially equal work. Hearings took place in August and September of 1981, and on October 22, 1982, a decision was reached. The Kentucky Commission on Human Rights found that the Hospital had engaged in discriminatory pay practices and ordered that the female assistants' pay be immediately elevated to that of the male nursing assistants, and back pay was to be calculated from the effective date of the sex discrimination amendment to the Kentucky Civil Rights Act, KRS 344.040, or from the date an individual was actually hired, if after June 16, 1972. On appeal, the Daviess Circuit Court affirmed the Commission's decision. The Kentucky Court of Appeals affirmed the award, but only as to one year of back pay. We reverse the decision of the Court of Appeals, in part, and hold that the 5–year statute of limitations found in KRS 413.120(2) is applicable in this case.

■ Respondents claim that Kentucky courts should look to the federal courts' interpretation of Title VII when defining the Kentucky Civil Rights Act. They maintain that since the provisions of Title VII of the United States Civil Rights Act of 1964, codified in 42 U.S.C. § 2000e, are virtually identical to the Kentucky Civil Rights Act, and since the state law provides as a general purpose in KRS 344.020:

(1) To provide for execution within the State of the policies embodied in the Federal Civil Rights Act of 1964,

it was the intention of the drafters of the Kentucky Civil Rights Act that federal law should be controlling. Although we recognize that the federal cases are persuasive and enlightening in determining the meaning of Title VII before the 1972 amendments, and consequently KRS 344, we are not bound by them. Nevertheless, as there was no time limit on back pay awards in the strict language of Title VII prior to the amendments of 1972, which capped awards at two years, we may look to the federal case law decisions to determine whether any limit existed.

The Sixth Circuit has held that:

[i]n cases arising before the effective date of the 1972 amendments to the Civil Rights Act of 1964, state statutes of limitations are relevant in determining the maximum period for which an individual claimant may recover back pay.

*Draper v. United States Pipe and Foundry Co.*, 527 F.2d 515, 522 (1976). As it is clear that the state statute of limitations applies to federal Title VII cases, we may, therefore, by analogy utilize the applicable statute of limitations to determine the allowable back pay awards for actions brought under KRS 344.230.

■ We now turn to a consideration of which statute of limitations applies. The respondents contend that KRS 413.-140(1)(a), the one-year statute of limitations for the commencement of a personal injury action, must be applied as a limit on back pay awards. They argue that since the United States Supreme Court analogized an injury to one's civil rights for purposes of § 1983 to a personal injury in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the proper statute would be the one-year limit on actions for injuries to the plaintiff's person found in KRS 413.140(1)(a). We disagree. The proper statute to be applied is KRS 413.-120(2), which provides:

413.120 Actions to be brought within five years—The following actions shall be commenced within five (5) years after the cause of action accrued:

. . . .

(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

The rights of the movants were created by KRS 344.230 which provides for affirmative action by the Human Rights Commission to correct discriminatory practices. Once the Commission has determined that the employer has engaged in an unlawful practice, it shall state its findings of fact and conclusions of law and shall enter an order requiring the employer to stop such practices. Along with the order, the Commission is authorized to take corrective affirmative action. The affirmative action taken by the Commission may or may not include an award of back pay, at the Commission's discretion. At no place in the statute is there a mention of any cap or limit on this award. Therefore, since these rights are created by a statute which provides no limitation of its own, the 5–year statute of limitations found in KRS 413.-120(2) should be applied. As we held in *Clifton v. Midway College*, Ky., 702 S.W.2d 835 (1986), "[t]he proper statute to be applied in such actions of a civil rights nature is KRS 413.120(2)." *Id.* at 837.

Therefore, we hold that the 5–year statute of limitations for statutory claims KRS 413.120(2) is the proper limit to be placed upon awards of back pay in employment discrimination cases.

The decision of the Court of Appeals is reversed insofar as it is inconsistent with this opinion.

All concur except GANT, J., who dissents.