**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,**

v.

**J & D COAL COMPANY, INC. and Joe Hubbs, Appellees.**

**No. 90–CA–2341–MR.**

Court of Appeals of Kentucky.

Sept. 6, 1991.

Modified and Ordered Published
Oct. 25, 1991.

S. Bradford Smock, Dept. of Law, Frankfort, for appellant.

Rudy Yessin, Frankfort, for appellees.

Before CLAYTON, HOWERTON and McDONALD, JJ.

McDONALD, Judge.

The appellees, J & D Coal Company, Inc. and Joe Hubbs, together with Arthur Woodard, filed this action on June 22, 1989, in the Franklin Circuit Court seeking temporary and permanent injunctive relief. In their complaint they alleged that the appellant, Natural Resources and Environmental Protection Cabinet, had improperly denied Woodard a renewal of a mining permit. The basis for the "denial" was alleged to be the designation of J & D Coal Company, Inc. and Hubbs on the renewal application as the contract miner. J & D, of which Hubbs is the president, had previously had permits which were revoked and performance bonds which were forfeited, and in 1979 was "forever disqualified" from receiving another permit to mine in Kentucky. The cabinet moved for dismissal of the action because the appellees had not exhausted their administrative remedies. In fact, the cabinet had not taken any final action on the renewal application which had been filed several weeks late by the permittee.

The Franklin Circuit Court granted the appellees' motion. It ordered the cabinet to grant renewal of Woodard's permit and enjoined the cabinet from "taking any action or in any way preventing, hindering or interfering with J & D and Hubbs in their capacity as contract miners." The cabinet obtained ex parte emergency relief from this Court and, after hearing arguments

and briefs from both parties, this Court rendered an opinion and order on July 11, 1989, setting aside the temporary injunction. The Supreme Court denied the appellees' request to vacate the opinion of the Court of Appeals.

Clearly addressed in our opinion and order of July 11, 1989, were the issues of (1) the cabinet's authority in the enforcement of the laws concerning mining; and (2) whether or not J & D could be considered an "operator" under KRS 350.130(3) and held as follows:

> While there may be cases in which such exhaustion of administrative remedies is unnecessary, we do not find this to be such a case. These respondents could have demanded a hearing before the Cabinet to present evidence concerning J. & D's actual function in the operation under the permit. This would have significant bearing upon whether J & D would be considered an operator under the statutes. If aggrieved by a final order of the Cabinet, the respondents could seek judicial review under KRS 350.032(2). [KRS 350.090(1)/224.085.] The next to last sentence of that subsection allows the circuit court to stay any orders of the Cabinet pending appeal.

> Finally, we are not convinced that J & D could not be considered an operator under this permit as found by the circuit court. The circuit court's interpretation of the statute would limit the Cabinet's inquiry as to who was the "operator" of the mine site to the name of the person actually requesting the permit. This could have the effect of totally undermining the statutory scheme for the issuance of permits and the denial of such permits to mining companies such as J & D which are precluded from receiving permits in their own name. *In this particular case, there are factual matters to be resolved before the Cabinet concerning J & D's status in this operation.* We must note, from the record, that J & D was the original lessee of the mineral rights to this property, that J & D transferred those rights to Woodard, and that Woodard has now made an agreement

under which J & D actually mines the coal.

> *The relationships of the permit applicant to the other parties involved in the mining operation and the significance of those interrelationships under the statutorily mandated scheme of surface mining enforcement are all matters best left, in the initial instance, to the administrative agency.* The circuit court may then exercise its responsibility of judicial review after the expertise of the agency has been applied. That these respondents suffer due to their own dilatory action in seeking renewal of the permit should not remove this case from the normal regulatory scheme. (Emphasis added).

■ We believe the prior opinion of this Court was very clear in its directive that the matter should be heard by the cabinet. Nevertheless, on remand the circuit court did not dismiss the petition as requested by the cabinet, but proceeded to allow J & D Coal Company and Hubbs to amend their complaint. The first amended complaint asked the court to "adjudicate and construe KRS 350.130 so as not to prohibit J & D Coal Company, Inc. or Joe Hubbs from mining in Kentucky." That issue was exactly the one which we had said must be initially litigated before the cabinet. In a single order, the results of which are mind-boggling, the circuit court denied the cabinet's motion to dismiss (except as to Woodard), granted the appellees' motion to amend their complaint and ruled in favor of the appellees on the merits of their complaint! The cabinet was not given an opportunity to answer the amended complaint or to make any arguments on the merits of the complaint. Although the order and judgment state that the matter was "submitted for judgment on the pleadings," we can find no motion or pleading indicating that the matter was ripe for judgment on the merits. This failure to afford the cabinet with due process would require reversal in itself, if other more pertinent grounds did not exist.

■ The circuit court ruled that KRS 350.130(3) did not prohibit J & D or Hubbs

from "engaging in gainful employment in the mining industry," and that the cabinet could not "interfer[ ] with Hubbs in mining, contracting labor or engaging in gainful employment in the mining industry." As we said before, this interpretation of the statute "could have the effect of totally condemning the statutory scheme for the issuance of permits...."

As justification for ignoring this Court's previous opinion, the trial court stated that it "did not go to the issue or the merits of the claims pled [sic] by J & D and Hubbs." One cannot read our prior opinion and not recognize that it very succinctly addresses the issues raised by the appellees and holds that they are to be resolved by proceedings in the cabinet. The trial court simply failed to follow this Court's mandate which is the law of the case and thereby committed reversible error. *See Inman v. Inman,* Ky., 648 S.W.2d 847 (1982).

The circuit court also held that the issues are ones of law which apparently it believed justified by-passing the administrative route. The case of *Kentucky Personnel Board v. Elkins,* Ky.App., 723 S.W.2d 877, 879 (1987), provides:

> A collateral attack, as here, on an agency's authority cannot automatically be resorted to as a remedy for an alleged error of law concerning jurisdiction as one aggrieved by such an order has a remedy in judicial review.

We have no reason to believe the agency will act arbitrarily or erroneously as a matter of law in regard to these appellees. If, however, it does, the appellees then have redress through the courts.

The judgment of the Franklin Circuit Court is reversed and remanded with directions that the complaint be dismissed.

All concur.