William J. BARROW II, Appellant,

v.

LEXINGTON–FAYETTE URBAN COUNTY CIVIL SERVICE COMMISSION, Lexington–Fayette Urban County Government, Tim Bennett and Virgil Carter, Appellees.

No. 2005–CA–001118–MR.

Court of Appeals of Kentucky.

July 7, 2006.

Discretionary Review Denied by Supreme Court June 13, 2007.

William C. Jacobs, Lexington, KY, for appellant.

Carolyn C. Zerga, Lexington, KY, for appellee.

Before COMBS, Chief Judge; KNOPF,[1]

---

1. Judge William L. Knopf concurred in this opinion prior to his retirement effective June 30, 2006. Release of the opinion was delayed by administrative handling.

Judge; BUCKINGHAM, Senior Judge.[2]

### OPINION

BUCKINGHAM, Senior Judge (Assigned).

William J. Barrow II appeals from an order of the Fayette Circuit Court dismissing his complaint against Lexington–Fayette Urban County Government Civil Service Commission, Lexington–Fayette Urban County Government (LFUCG), Tim Bennett, and Virgil Carter. The case involves a disciplinary action taken by the commission against Barrow, an employee of LFUCG, because he refused to answer questions relating to his employment. We affirm.

Barrow was an employee of LFUCG's Department of Public Safety, Division of Code Enforcement. There had apparently been a series of newspaper articles suggesting improprieties in the operation of that division. On September 1, 2000, Barrow was directed by a supervisor to go to the law office of Michael J. Cox. Concerned that he was the focus of a criminal investigation, he hired an attorney to accompany him.

When Barrow and his attorney arrived at Cox's office, Cox related to them that he had been retained by LFUCG to lead an independent investigation regarding allegations of impropriety within the division. Cox stated that he intended to ask Barrow "questions relating to the Division of Code Enforcement, to his job there, and to any matters that may impact or relate to his job with the City." Cox further explained to Barrow that he was required to cooperate and to answer questions. Barrow's attorney refused to allow Barrow to answer any questions, and he asserted Barrow's Fifth Amendment right against self-incrimination on Barrow's behalf.

Cox then sent a letter to Barrow's attorney, dated September 1, 2000, directing Barrow to appear again in his office on September 5, 2000, to answer questions relating to his employment. The letter stated that if Barrow failed to comply, he would be subject to disciplinary action and/or termination by LFUCG for insubordination. The letter also informed Barrow that his answers would enjoy immunity for use in any subsequent criminal proceeding.

On September 5, 2000, Barrow and his attorney again went to Cox's office. Tim Bennett, Commissioner of the Department of Public Safety which includes the Division of Code Enforcement, was present. Cox reiterated that LFUCG was directing Barrow to answer questions pertaining to his employment and that his failure to do so would subject him to potential disciplinary action or termination. Barrow's attorney again indicated that Barrow was invoking his right against self-incrimination and that Barrow would not answer any questions.

As a result of his refusal to answer questions, on September 6, 2000, Commissioner Bennett and then-Acting Director of the Division of Code Enforcement Virgil Carter issued a disciplinary action form to Barrow charging him with insubordination and suspending him for three days (September 6–8) without pay pursuant to Section 21–14 of the LFUCG Code of Ordinances and the Government's Uniform Urban County Disciplinary Code and Guidelines.[3]

---

2. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

3. In a letter dated August 27, 2000, Barrow voluntarily resigned his position with the Division of Code Enforcement effective September 8, 2000. His suspension was for Septem-

Barrow appealed the suspension to LFUCG's Civil Service Commission. Following a hearing before the commission on November 8, 2000, the commission issued an order denying Barrow's appeal. The commission determined that Barrow was guilty of insubordination, and it upheld the three-day suspension without pay.

Barrow appealed the commission's decision to the Fayette Circuit Court. In addition, Barrow sought an injunction and monetary damages. LFUCG, the Civil Service Commission, Tim Bennett, and Virgil Carter were named as defendants. In an opinion and order entered on March 22, 2005, the court dismissed all claims against the defendants. This appeal by Barrow followed.

■ Barrow's first argument is that LFUCG wrongly suspended him for the exercise of his constitutional rights against self-incrimination. The law is otherwise. In *Lefkowitz v. Cunningham*, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977), the U.S. Supreme Court held that "[p]ublic employees may constitutionally be discharged for refusing to answer potentially incriminating questions concerning their official duties if they have not been required to surrender their constitutional immunity." 431 U.S. at 806, 97 S.Ct. 2132. *See also Garrity v. State of New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967); *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); and *Uniformed Sanitation Men Association v. Commissioner of Sanitation of City of New York*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968). Under the authority of these cases, LFUCG could discharge Barrow for his refusal to answer questions concerning his employment since

he had not been required to waive his right against self-incrimination.

Barrow relies on language in this court's opinion in *Kidd v. Montgomery*, 583 S.W.2d 87 (Ky.App.1979), wherein it was stated, "This court is aware that the principle that public employees cannot be dismissed for invoking and refusing to waive their constitutional right against self-incrimination is well established in the law." Id. at 89. Barrow's reliance on that language is misplaced.[4]

First, Barrow was not asked to waive his constitutional right against self-incrimination when he was directed by Cox to answer questions. Rather, he was told by Cox that his right was preserved. Second, the court in the *Kidd* case stated that its statement was based on the holding of the Supreme Court in the *Gardner* and *Uniformed Sanitation* cases. *See Kidd*, 583 S.W.2d at 89. Those cases allow for the disciplining of public employees who refuse to answer potentially incriminating questions about their employment if they were not required to waive their right against self-incrimination. *See Cunningham*, 431 U.S. at 806, 97 S.Ct. 2132. Thus, we conclude that Barrow's reliance on *Kidd* to support his position is misplaced.

■ Barrow's second argument is that LFUCG wrongly suspended him in violation of his constitutional rights by not giving him a pre-deprivation hearing. Barrow cites *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), in support of his argument. As the trial court herein determined, however, the *Loudermill* case does not apply because here there was a suspension and not a termination. Further, as the trial court noted, the post-suspension hearing conducted by the Civil Service

ber 6–8, 2000. Also, Barrow was erroneously paid for the three days.

4. Regardless, the language in *Kidd* was dicta since the case was decided on other grounds.

Commission was sufficient to comply with Barrow's due process rights. *See Gilbert v. Homar,* 520 U.S. 924, 932, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997).

■ Barrow's third argument is that the court erred in its determination that Barrow was ordered to answer questions put to him by Cox. Having reviewed the record, it is clear that Cox told Barrow in no uncertain terms that he was required to answer questions about his employment. Barrow's attorney indicated that Barrow would not answer any questions put to him. As the trial court noted, it was apparent that even had Cox started asking Barrow questions about his employment, Barrow's attorney would have intervened, objected, and instructed Barrow not to answer. In short, there is no question that Cox, on behalf of LFUCG, directed Barrow to answer questions concerning his employment.

■ In this regard, Barrow further argues that he could not be found guilty of insubordination because Cox was not a supervisor of Barrow and was not even a city employee. Barrow's supervisor, Tim Bennett, was present in Cox's office at the time Cox directed Barrow to answer the questions. Further, Cox was acting on behalf of LFUCG as its attorney. In short, we find no merit to Barrow's arguments in this regard.

■ In addition, Barrow maintains that Cox could not compel him to answer questions by promising him that his right to self-incrimination would not be waived since Cox was a private attorney employed by LFUCG and was not a prosecutor vested with the power to grant immunity. We reject this argument based on the holding of the court in *Atwell v. Lisle Park District,* 286 F.3d 987, 990 (7th Cir.2002).

■ Next, Barrow contends that the Uniform Guidelines and Standards of Disciplinary Actions for Urban County Government had not been enacted by LFUCG's legislative body as required by KRS[5] 67A.280(7). That statute provides in pertinent part that a classified civil service employee of an urban county government may be dismissed, suspended, or reduced in pay "but only as provided by comprehensive plan or ordinance[.]" The Charter of the Lexington–Fayette Urban County Government is the comprehensive plan. *See* KRS 67A.210(1)(e). Section 9.04 of the Charter authorizes the preparation of a "comprehensive plan for a classified civil service system." Section 21 of the Code of Ordinances is such a plan. We conclude that the requirements of the statute were satisfied.

■ In addition to appealing from the Civil Service Commission decision, Barrow filed claims for damages against LFUCG, Bennett, and Carter. His argument that LFUCG is not entitled to the defense of sovereign immunity is without merit. *See Lexington–Fayette Urban County Government v. Smolcic,* 142 S.W.3d 128, 132–33, (Ky.2004). Barrow also argues that Bennett and Carter are not protected from liability by the doctrine of qualified or official immunity. This argument is also without merit. *See Yanero v. Davis,* 65 S.W.3d 510, 522 (Ky.2001).

■ Finally, Barrow argues that because he acted on the advice of his attorney in invoking his right against self-incrimination, the court erroneously upheld his suspension. We disagree. *See Weston v. U.S. Department of Housing and Urban Development,* 724 F.2d 943, 950–51 (Fed. Cir.1983).

**5.** Kentucky Revised Statutes.

The order and judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.