RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1069-MR

LAURA KATHRYN STRADER                                   APPELLANT

v.
APPEAL FROM BARREN CIRCUIT COURT
HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 19-CI-00585

ULYSSES W. "WOODY" STRADER;
CARLOLYN STRADER; AND JULIE
STRADER                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND CETRULO, JUDGES.

ACREE, JUDGE: Laura Kathryn Strader, Appellant, appeals both the Barren

Circuit Court's September 5, 2019 restraining order and its July 22, 2021 findings

of fact, conclusions of law, and order. The circuit court permanently enjoined

Appellant from exhuming and reinterring the remains of her father in a cemetery

plot of her choice. Finding no error, we affirm.

## BACKGROUND

Appellant is the daughter of William Strader who died intestate on January 15, 2018, in Hiseville, Kentucky. He did not instruct his kin as to where to bury him. Appellant survived her father, as did William's parents and a sister (collectively, Appellees). Appellant lived in Chicago and would occasionally talk to her father on the phone. William had been sick for a year preceding his death, and his mother often provided care for him.

William's parents contacted a local funeral home and made an appointment to discuss funeral arrangements. Appellant was aware of this appointment, but instead scheduled an appointment of her own with the funeral home shortly before her grandparents' appointment. During Appellant's appointment, Appellant expressed to the manager of the funeral home her wishes regarding pallbearer selections, music, and floral arrangements. She expressed no other preferences during the meeting. Appellant never expressed a preference regarding the burial site during the meeting nor during the funeral service.

William was buried in the Hiseville Cemetery. For seventy years, the cemetery has included an area designated for the Strader family. This area is indicated by a stone monument engraved with the family name. William's parents selected a grave marker for William's grave which matched the others in the Strader plot.

Sometime after her father was buried, Appellant purchased a larger stone marker differing in style from the others in the Strader plot. Upon delivery of the marker to the cemetery, cemetery staff discovered the new monument was too large to be placed on William's grave, and it was thereafter returned to the monument company.

Over one and a half years after William's burial, Appellees discovered Appellant intended to exhume William and reinter him elsewhere in the Hiseville Cemetery. Appellant had purchased a single plot in an area of the cemetery outside of the Strader family area and planned to place the grave marker she had purchased over the new plot.

On September 5, 2019, Appellees filed an action seeking to permanently enjoin Appellant from relocating William's remains; the circuit court granted their motion for temporary injunctive relief until a hearing could be had on Appellant's right to exhume her father's body for reburial.

Appellant asserted, as William's sole surviving child, that she had legal authority to decide where William is to be buried and, therefore, she should not be prevented from exhuming and reinterring him. However, the circuit court permanently enjoined Appellant from relocating William's body on July 22, 2021, finding Appellees would suffer mental anguish should William's body be exhumed and reinterred. This appeal followed.

# STANDARD OF REVIEW

"A party may obtain injunctive relief in the circuit court by (a) restraining order, (b) temporary injunction, or (c) permanent injunction in a final judgment." CR[1] 65.01. The circuit court's legal analysis in granting an injunction "must often be tempered by the equities of any situation," and thus "injunctive relief is basically addressed to the sound discretion of the trial court." *Maupin v. Stansbury*, 575 S.W.2d 695, 697-98 (Ky. App. 1978) (citing *Bartman v. Shobe*, 353 S.W.2d 550 (Ky. App. 1962)). Appellate courts have no power to set aside an injunction "[u]nless a trial court has abused that discretion." *Id*. A trial court has abused its discretion when its "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth ex rel. Conway v. Thompson*, 300 S.W.3d 152, 162 (Ky. 2009).

# ANALYSIS

Appellant argues the circuit court erred both when it granted a restraining order at the outset of the circuit court action and when it granted its final permanent injunction. "Injunctive relief is proper only where the party seeking such relief has made a clear showing that his rights will be violated and that, as a result, he will suffer immediate and irreparable injury." *Auxier v. Bd. of Embalmers & Funeral Dirs.*, 553 S.W.2d 286, 288 (Ky. App. 1977).

---

[1] Kentucky Rules of Civil Procedure.

In its conclusions of law and order, the circuit court discussed at length Appellant's legal authority to exhume and reinter her father. The circuit court concluded KRS[2] 367.93117 – which determines who has the ability to decide the disposition of a decedent's body – does not apply to situations where a body is proposed to be relocated. The statute does not provide Appellant with the right to exhume and reinter her father; the court also noted Appellant waived the right to decide the initial disposition of William's body because she indicated no preference regarding his burial site before or during his funeral.

The circuit court also determined the limited Kentucky case law on reinterring remains did not support Appellant's desired course of action because Appellant's situation did not implicate the sorts of interests our case law deemed sufficient to override "the policy of the law to protect the dead from disturbance and maintain the sanctity of the grave[.]" *Brunton v. Roberts*, 97 S.W.2d 413, 416 (Ky. 1936). The circuit court also devoted a portion of its analysis to the rights of Appellees that Appellant's conduct would have violated absent an injunction, Kentucky recognizes a cause of action for "unwarrantable disturbance or interference with the burial ground or the graves therein." *Id.* at 415.

Because Appellees sought injunctive relief, it was proper for the circuit court to analyze the Appellees' rights and the nature of their injury should

---

[2] Kentucky Revised Statutes.

Appellant relocate her father's remains, rather than the substantive rights of Appellant. Regardless, the circuit court did not abuse its discretion when it granted the underlying permanent injunction. The circuit court correctly recognized "that next of kin have a right to recover damages for mental anguish for 'unwarranted interference with the grave of a deceased person[.]'" *R.B. Tyler Co. v. Kinser*, 346 S.W.2d 306, 308 (Ky. 1961) (citations omitted). There is no reason to exempt other family members from such liability.

This right is rooted in common-sense policy. "It is based upon the reality of an intrusion into tender feelings." *Id*. "The resting places of the dead have been revered and regarded as hallowed ground from the earliest days." *Id*. While we recognize this policy may be overridden in certain circumstances, "[t]he natural desire of most of us that there shall forever be an uninterrupted repose of our own bodies, and a considerate regard for the sensibilities, reverence, and love of the kindred and friends of the deceased, demand that sepulchers shall not be violated except for compelling reasons." *Brunton*, 97 S.W.2d at 416.

While the circuit court relied on *Brake v. Mother of God's Cemetery* to demonstrate Appellant did not have the right to reinter her father, the case applies equally to illustrate when reinternment of human remains is unwarranted and thus when the right against unwarranted disturbance of a grave arises. In *Brake*, a young widow sought to relocate the remains of her husband from

-6-

Covington, Kentucky, to Cincinnati, Ohio, because it was quite inconvenient for her to take her monthly trip to visit the gravesite; it took her an hour and a half by automobile to travel to Covington – three hours if by other means of transportation – and if her husband was moved to the proposed site her travel would be cut in half. *Brake v. Mother of God's Cemetery*, 251 Ky. 667, 65 S.W.2d 739, 739 (1933). She sought an injunction requiring her late husband's parents and the cemetery to allow her to reinter the remains. *Id*. Her husband's parents wanted their son's remains to stay put, noting to the circuit court the widow had allowed the parents to make the decisions regarding the funeral and burial. *Id*. The circuit court dismissed her petition. *Id*. at 740.

Our predecessor Court of Appeals noted that, should someone seek to "disturb the quiet of a grave[,]" there must be "'due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association.'" *Id*. at 740 (quoting *Yome v. Gorman*, 242 N.Y. 395, 152 N.E. 126, 128 (1926)). "'One may not fix their values in advance, for in so doing one would overlook the varying force of circumstance.'" *Id*. (quoting *Yome*, 152 N.E. at 128). We concluded the widow's circumstances warranted reversal, thereby allowing her to relocate her husband's remains; primarily, we based this decision on the fact that it would be a "great

inconvenience" to her to visit her husband's grave if it were not moved. *Id*. at 740-41.

Appellant's desire in the instant case to relocate William does not reflect comparable circumstances which would justify overriding the policy against disturbing the repose of the deceased. At the time of the funeral, Appellant made no objection to Appellees' decisions regarding William's burial place. Apparently, the sole reason Appellant wants to remove her father from the Strader plot is so she can place over her father's grave the monument she purchased – a purchase made long after her father died. She seeks to accomplish this by moving her father to a different plot in the same cemetery. Though she testified she wanted to be buried next to her father, the circuit court noted Appellant only purchased a single plot to relocate her father.

Appellant provided no compelling justification to the trial court to overcome the policy preference in favor of letting the dead lie and, therefore, her proposed reinternment of William is unwarranted. *See R.B. Tyler Co.*, 346 S.W.2d at 308. Accordingly, the circuit court's permanent injunction was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles, and thus did not constitute an abuse of discretion.

Though Appellant also contests the initial restraining order, any errors in the circuit court's restraining order are rendered moot by this Court's affirmance of the circuit court's permanent injunction.

## **CONCLUSION**

We affirm the Barren Circuit Court's September 5, 2019 order restraining and its July 22, 2021 findings of fact, conclusions of law, and order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David F. Broderick
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

Bobby H. Richardson
Glasgow, Kentucky