**Naomi Ruth PIKE, Appellant,**

v.

**HAROLD (CHUBBY) BAIRD GATE COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1986.

Robert H. Hutchison, Jr., Columbia, for appellant.

Edward D. Hays, Danville, for appellee.

Before CLAYTON, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

On January 11, 1985, the appellant, Naomi Ruth Pike, filed her complaint in the Casey Circuit Court alleging that her employer, appellee Harold (Chubby) Baird Gate Co., Inc., wrongfully discharged her on June 8, 1983, solely because she had sought workers' compensation benefits for injuries she had incurred to her ankle while working for Baird. The appellee moved to dismiss her claim on the basis that it was time-barred, having been filed more than one year from the date of discharge and that the legislature had preempted her right to seek redress by its passage of KRS 342.197. This statute provides that "[N]o employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter." Baird argues that this statute has abolished one's

common law tort action recognized in *Firestone Textile Co. Div. v. Meadows*, Ky., 666 S.W.2d 730 (1983), and that the remedies for the conduct alleged by the appellant are those penalties prescribed by KRS 342.990. The trial court did not address the latter ground supporting the appellee's motion for dismissal, probably because of its total lack of merit. *See* KRS 446.070. It is only where the statute "both declares the unlawful act and specifies the civil remedy available to the *aggrieved party*, [that] the aggrieved party is limited to the remedy provided by the statute." (Emphasis added.) *See Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1985), and cases cited therein. Of course, KRS 342.990 provides for no remedy to Ms. Pike.

The trial court did, however, dismiss Ms. Pike's claim as time-barred, applying the one-year statute of limitations for injury to the person contained in KRS 413.-140(1)(a). This is not the appropriate limitations statute. The essence of the tort alleged by Ms. Pike is an interference with a right, in this case a statutory right, not a bodily injury. Thus the statute of limitations appropriate to this action is KRS 413.-120(2), the five-year statute of limitations for actions upon a "liability created by statute...." KRS 413.120(2). *See Cannamore v. Tube Turns, Div. of Chemetron Corporation*, Ky.App., 676 S.W.2d 800 (1984); *Craft v. Rice*, Ky., 671 S.W.2d 247 (1984).

The judgment of the Casey Circuit Court is reversed and the matter is remanded for a trial on the merits. Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

All concur.