Larry Eugene ROBBINS, Appellant,

v.

Modesta B. ROBBINS and Alec
G. Stone, Appellees.

No. 92–CA–38–MR.

Court of Appeals of Kentucky.

March 19, 1993.

Phillip W. Smith, Leitchfield, for appellant.

Alec G. Stone, Brandenburg, Sheila A. Kelley, Elizabethtown, for appellees.

Before LESTER, C.J., and GUDGEL and STUMBO, JJ.

GUDGEL, Judge:

This is an appeal from a decree of dissolution entered by the Grayson Circuit Court. Appellant contends that the court erred by awarding appellee Modesta B. Robbins (1) excessive child support, (2) maintenance, and (3) $1,500 toward her attorney's fees. We affirm.

The parties, who were married for seventeen years, have two minor children. Apparently, in view of her eighth grade education, even if Modesta Robbins is employable she could only expect to earn a minimum wage rate. Appellant's earning capacity, by contrast, is significantly better. Indeed, in the past he has earned monthly compensation which would total more than $30,000 per year.

The court awarded Modesta Robbins custody of the children and child support in the amount of $100 per week. Further, she was awarded permanent maintenance in the amount of $500 per month, plus $1,500 toward her attorney's fees. Although Ms. Robbins apparently was also awarded most of the parties' marital property, the equity in these assets was minimal. This appeal followed.

The evidentiary transcript in this appeal consists of a single untranscribed video tape recording. According to the attached clerk's certificate, this video tape includes recordings of four separate hearings conducted by the trial court over a two-year period, plus two hearings conducted by the court's domestic relations commissioner. Despite the fact that all three contentions raised on appeal depend almost entirely upon whether the court's awards are supported by the evidence, appellant has failed

to include in the "statement of the case" and "argument" portions of his brief any references whatsoever to the specific places in this video tape recording which provide evidentiary support for the factual statements made in his brief, as required by CR 76.12(4)(c)(ii) and (iii), and by CR 98(4)(a). Moreover, appellant's brief fails to make any references to relevant matters contained in the clerk's record, or any statement as to how the issues raised on appeal were preserved for review. Indeed, the only references to the record are those which appear in Ms. Robbins' brief, and which are limited to several notations to a commissioner's hearing which was conducted more than a year prior to the final decree.

■ Given the serious deficiencies of appellant's brief, we would be justified in ordering his brief stricken. CR 76.12(8)(a). Rather than imposing such a severe sanction, however, we elect instead to dispose of this appeal based solely upon the contents of the parties' briefs. Video tape recordings require significantly more time to review than written transcripts and, given the fact that our courts have consistently refused to search written records in cases in which the briefs have failed to make reference to the record, we likewise decline to do so here. This is particularly justified in the instant action, since we would needlessly be required to review the video tape of all six hearings in order to ensure that we located and reviewed all the portions of the tape which might include relevant evidentiary matters pertinent to this appeal. Hence, our decision will be limited to appellate review of the contents of the parties' briefs. *Cf. Sharp v. Sharp,*

Ky., 491 S.W.2d 639 (1973); *Young v. Newsome,* Ky., 462 S.W.2d 908 (1971); *Horn v. Horn,* Ky., 430 S.W.2d 342 (1968); *Ventors v. Watts,* Ky.App., 686 S.W.2d 833 (1985).

■ Appellant's contentions as to the child support award border on being frivolous. Given the statements in Ms. Robbins' brief, it appears clear not only that the court's award does not violate the statutory guidelines, but that in any event it can be justified pursuant to the provisions of KRS 403.212(2)(d).

■ Similarly, appellant's contention respecting the maintenance award is also meritless. It is clear that Ms. Robbins is unable to support herself in accordance with the standard of living the parties enjoyed during the marriage, and that the property awarded to her is not sufficient to provide for her reasonable needs. Thus, an award of maintenance to her was justified. *See* KRS 403.200. Moreover, given the duration of the marriage and Ms. Robbins' limited earning capacity, we perceive no abuse of discretion in the court's decision to award her $500 per month as permanent maintenance. Finally, we cannot say that an award of less than one-third of the total attorney's fees incurred by Ms. Robbins constituted an abuse of the trial court's discretion.

The court's decree is affirmed in all respects.

All concur.