Don C. KELLY, Secretary of Transportation Cabinet; Transportation Cabinet, Commonwealth of Kentucky; and Jerry Anglin, Commissioner of Highways, Appellants,

v.

Everett R. THOMPSON, Jr., Deborah T. Harris, as Co–Executors of the Estate of Everett R. Thompson, Deceased; Danny Moore; and Southside Real Estate Investors, Inc., Appellees.

97–SC–802–DG.

Supreme Court of Kentucky.

Oct. 15, 1998.

As Modified on Denial of Rehearing Jan. 21, 1999.

Marvin M. Sotsky, Stanley W. Whetzel, Jr., Taustine, Post, Sotsky, Berman, Fineman & Kohn, Louisville, KY, for appellants.

Charles F. Wilson, Jr., Pikeville, KY, John R. McGinnis, Greenup, KY, for appellees.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which reversed and remanded an Opinion and Order of the Pike Circuit Court which had granted summary judgment in favor of the Transportation Cabinet.

The issue presented is whether the application of the right of redemption provided by KRS 416.670 would constitute a retroactive application of the statute in violation of KRS 446.080(3).

In 1978, the Transportation Cabinet condemned over six acres of real estate then owned by Everett R. and Mary F. Thompson, who are both now deceased, for the purpose of construction and maintenance of U.S. 119, the Pikeville–South Williamson Road, and remitted the fair market value which was found to be $107,246.80. After settlement of the 1978 action in 1983 for less realty, 4.869 acres, and less money, $75,000, and after completion of the road project, the Thompsons, in 1988, attempted to use KRS

416.670 to repurchase the unused part of the property which was .89 acres at the previous "pro rata" price of $13,709.18. The Thompsons declined to pay the Transportation Cabinet's appraisal price of $106,600 and then the Transportation Cabinet negotiated a $149,600 deal for the parcel including this and other acreage with Moore and Southside Developers, Inc.

The Thompsons brought suit in circuit court where the trial judge declined to apply KRS 416.670 to the pre–1980 condemnation. The circuit judge distinguished the decision of this Court in *Miles v. Dawson*, Ky., 830 S.W.2d 368 (1991). The Court of Appeals reversed, holding that the issue here was not the retroactive application of the statute, for which they found no legislative intent, but rather that the legislature intended in 1980 that all of the property then held by the State of Kentucky through the Transportation Cabinet obtained by means of condemnation for road purposes should be subject to the statute as amended. This Court accepted discretionary review.

The Transportation Cabinet argues that the trial judge correctly rejected the claim by Thompson under KRS 416.670 and also claims that the Court of Appeals erroneously allowed retroactive application of the statute in violation of KRS 446.080(3) and that the judgment of the trial court should be affirmed. The Transportation Cabinet also asserts that the Court of Appeals erroneously applied KRS 446.080(4) to hold that KRS 416.670 (1980), makes all property held by the Commonwealth, whenever acquired by condemnation, subject to the amended statute's right of redemption provisions.

The Thompson estate responds that KRS 416.670 mandates that it is entitled to redeem the property at the price the State paid to the landowners for the real estate.

KRS 416.670(1) states:

Development shall be started on any property which has been acquired through condemnation within a period of eight (8) years from the date of the deed to the condemnor or the date on which the condemnor took possession, whichever is earlier, for the purpose for which it was condemned. The failure of the condemnor to

so begin development shall entitle the current landowner to repurchase the property at the price the condemnor paid to the landowner for the property. The current owner of the land from which the condemned land was taken may reacquire the land as aforementioned.

The Court of Appeals acknowledged KRS 446.080 and the absence of legislative intent to apply the 1980 amendment retroactively, but gave the statute effect by reasoning that in 1980, the Commonwealth provided the Thompsons with a right of redemption in property it owned which they previously did not have. Consequently, such landowners had the right to exercise that right of redemption in conformity with KRS 416.670.

■ The State argues that because the condemnation of the Thompson property occurred prior to the amendment of the statute, it would have constituted retroactive construction of the statute to give the Thompson estate the opportunity to repurchase. We disagree.

We must review a portion of the history of the General Assembly in approaching the right to repurchase. Prior to 1980, the right of redemption or the right to repurchase provided by the statute was specifically made not applicable to condemnations originated by the Transportation Cabinet, known at that time as the "Department of Transportation." In 1980, the legislature amended the statute by deleting the exemption for the "right of redemption" provided for condemnations by the Transportation Cabinet.

■ As properly noted by the Court of Appeals, KRS 177.081 is the statutory basis for the power of eminent domain exercised by the Transportation Cabinet in conformity with Sections 13 and 242 of the Kentucky Constitution. It is within the authority of the General Assembly to define the limits of the right of eminent domain and to establish the specific terms under which the condemning authority may exercise such power. As such, it would necessarily include defining the property interest taken and retained in an eminent domain action.

Following the amendment of KRS 416.670 in 1980, which gave condemnees and their successors the right to repurchase under certain statutory conditions property taken by the State, this Court held in *Miles, supra*, at 370, that:

> The statute provides the state with a simple and direct method of giving property owners the right to seek return of property previously condemned and later determined to be unneeded for the project.... A holding that any portion of the condemned land which is not developed by the state should be offered to the original property owner for repurchase is certainly not a burden on the state but is actually a benefit to both the Commonwealth and the citizen property owners which was clearly contemplated by the general assembly in adopting the statute.

We are persuaded that the rationale of *Miles* should be applied in this case. This Court has clearly established the right of a property owner to repurchase land declared as surplus by the Commonwealth in *Miles*. *See also City of Covington v. Hardebeck*, Ky.App., 883 S.W.2d 499 (1994). KRS 416.670 was amended so as to apply to condemnations occurring both prior to and after 1980 provided the property owner seeks to exercise the right of repurchase given to him in conformity with the statutory conditions. In 1980, the Commonwealth provided the Thompsons with a "right of redemption" in property it owned which they previously did not have. Accordingly, they or their successors have the right to exercise that right in conformity with KRS 416.670.

 The language of the statute is clear. It is not the act of condemnation which gives a former owner a right to repurchase, but rather the determination by the legislature in 1980 that such property shall be offered for sale to the current owner of the parcel from which the unused parcel had been acquired. It is the failure of the condemning authority to begin development within eight years, and not the condemnation, which entitles the current owner the opportunity to repurchase such surplus property.

It is the holding of this Court that the opinion of the Court of Appeals did not allow retroactive application of the statute in violation of KRS 446.080(3) and that the successors to the original property owners have the right to exercise the opportunity to repurchase the property at the price the State paid originally.

The decision of the Court of Appeals is affirmed and this action is remanded to the Pike Circuit Court for further proceedings in accordance with this opinion, as well as consideration of the Commonwealth's remaining affirmative defenses.

All concur.