**Elmo MARTIN and Martha Martin, Appellants,**

v.

**COMMONWEALTH of Kentucky, Department of Transportation, Bureau of Highways, Appellee.**

No. 2005–CA–000093–MR.

Court of Appeals of Kentucky.

March 3, 2006.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

R. Dale Warren, Louisville, KY, for appellant.

Randall L. Gardner, Hallie G. Gist, Louisville, KY, for appellee.

Before COMBS, Chief Judge; DYCHE and JOHNSON, Judges.

## OPINION

COMBS, Chief Judge.

Elmo and Martha Martin appeal from an opinion and order of the Jefferson Circuit Court terminating litigation with the appellee, Commonwealth of Kentucky, Department of Transportation, Bureau of Highways, (hereinafter "Commonwealth")—lengthy litigation in which several appeals have been involved. The trial court denied the Martins' motion to file a second amendment to their complaint and granted the Commonwealth's motion to dismiss the action. Finding no error, we affirm.

The facts relevant to this appeal are not in dispute. In 1978, the Commonwealth commenced an action condemning approximately eight acres of land in Jefferson County owned by the Martins. The state obtained title to the property in 1979, and the Martins received compensation of $102,500.00.

KRS[1] 416.670 entitles owners of condemned land to repurchase property left undeveloped. The statute was amended in 1980 to include property acquired by the Commonwealth for highway projects, providing in pertinent part as follows:

(1) Development shall be started on any property which has been acquired through condemnation within a period of eight (8) years from the date of the deed to the condemnor or the date on which the condemnor took possession, whichever is earlier, for the purpose for which it was condemned. The failure of the condem-

nor to so begin development shall entitle the current landowner to repurchase the property at the price the condemnor paid to the landowner for the property. The current owner of the land from which the condemned land was taken may reacquire the land as aforementioned.

(2) Any condemnor who fails to develop property acquired by condemnation or who fails to begin design on highway projects pursuant to KRS Chapter 177 within a period of eight (8) years after acquisition, shall notify the current landowner of the provision of subsection (1) of this section. If the current landowner refuses to purchase property described in this section, public notice shall be given in a manner prescribed in KRS Chapter 424 within thirty (30) days of the refusal, and the property shall be sold at auction....

The Martins filed a lawsuit in February 1999, asserting their statutory right to repurchase the property. They alleged that the Commonwealth had not developed the property within the prescribed time and that it had not notified them of their right to repurchase the property as required by the statute.

The Jefferson Circuit Court dismissed the Martins' complaint based on its determination that it was barred by the five-year statute of limitations provided in KRS 413.120(2). It reasoned that the limitations period began to run in 1988 (eight years after the 1980 amendment to the statute) and that it ended five years later in 1993.

In the first appeal to this Court, we partially concurred with the analysis of the trial court by holding that an action pursu-

1. Kentucky Revised Statutes.

ant to KRS 416.670 must be filed within five years. However, we concluded that the failure of the Commonwealth to comply with the statute's notice requirements tolled the running of the limitations period. We remanded the case for further proceedings on the merits of the Martins' claim of entitlement to repurchase the property.

The Commonwealth sought discretionary review in the Kentucky Supreme Court, which was granted. In a consolidated opinion, the Supreme Court affirmed this Court and resolved the issue as to the statute of limitations in favor of the Martins. *See, Vandertoll v. Commonwealth of Kentucky, Transportation Cabinet,* 110 S.W.3d 789 (Ky.2003). In examining the relationship of the rights and obligations arising from KRS 416.670, the Supreme Court held:

> In the cases *sub judice,* the landowners' [the Martins'] rights to repurchase their property and the Cabinet's obligation to offer any surplus property back to the condemnees after eight years, were both created solely pursuant to statute. Therefore, we conclude that the five-year statute of limitations contained in KRS 413.120(2) governs claims arising pursuant to KRS 416.670.
>
> . . . .
>
> KRS 416.670 created a potential right in favor of the condemnees (and likewise, a conditional liability against the Cabinet) that arose at the expiration of eight years without development. However, this potential right and conditional liability could not accrue, or become absolute, until the Cabinet offered the land back to the condemnees at its original purchase price, thereby allowing the condemnees to exercise their right pursuant to the statute, or decline to do so. *See Gregg v. Middle States Utilities Co.,* 228 Iowa 933, 293 N.W. 66 (1940).

> . . . .
>
> ... KRS 416.670 places the burden of notification upon the Cabinet, thereby relieving the condemnees of the responsibility to investigate whether the Cabinet has developed their land for its intended purpose. The clear and unequivocal language of the statute states that the Cabinet is charged with making the condemnees aware of their rights under KRS 416.670; therefore, its failure to effect such notice delays the running of the statute of limitations on claims arising pursuant to the statute until notice is properly given.

*Id.,* at 795, 796–797.

The opinion in *Vandertoll* was final on August 21, 2003. On December 3, 2003, the Martins filed an amended complaint. In addition to a judgment entitling them to repurchase the property, they asked for money damages from the Commonwealth to compensate them for the delay caused by its failure to notify them of their right to regain the property. They alleged that the Commonwealth's failure to give them such notice in 1987 caused them "negative economic consequences," including "lost income [and loss of] use of [the] property." The Commonwealth responded to the amended complaint by filing a motion to dismiss.

While the motion to dismiss was pending, the Martins sought permission to file a second amended complaint. For the first time, they alleged that the Commonwealth's failure to offer the property to them in 1987 in effect constituted a protracted delay amounting to a *continued taking* "without just compensation as required by the Constitution." As a result, they claimed that they were:

> duly deprived of the value, use enjoyment, development, loss of use, loss of rents, loss of profits, and [sustained] other damages relative to the failure of

the Commonwealth to reconvey this property.

The Commonwealth objected to the Martins' motion for leave to file a second amended complaint. Before a ruling was entered on the various pending motions, the parties reached an agreement for the reconveyance of the property to the Martins.

On December 14, 2004, the trial court entered a final order dismissing the Martins' remaining claim for monetary damages and denying their motion to file a second amended complaint. The court reasoned as follows:

The Court has carefully considered the grounds cited in the Martins' motion for leave to file their second complaint and is unsatisfied that justice requires its filing. The second complaint was filed over nine months after the original amended complaint, and the Martins' only excuse for the delay, if it can be deemed such, is that the second complaint "simply clarifies the amended complaint." This case has lingered in the courthouse for nearly six years, and the Court finds the Martins had ample time to prepare a full and complete listing of their demands back in December 2003, when they filed their first amended complaint. Moreover, the Court finds that further revision of the complaint is prejudicial to the opposing party, the Commonwealth. Therefore, the Martins' Motion for Leave to File a Second Amended Complaint shall be denied.

The Martins explain in their Response to the Commonwealth's Motion to Dismiss that the Second Amended Complaint merely "clarifies the Amended Complaint without creating a new cause of action." The Court's ruling denying the Second Amended Complaint therefore, by implication, dismisses the origi-nal Amended Complaint as well. Even if the Court were to address the Motion to Dismiss on the merits, though, it would still find the Martins' position untenable. KRS 416.670 allows the Martins the right to repurchase condemned property should the Commonwealth fail to develop within eight years. **Nowhere does the statute provide them the right to recover economic damages in the event the Commonwealth fails to notify them of this right, and the Court will not read such a right into the statute.** "As a general rule of statutory construction, *expressio unius est exclusio alterius* provides that an enumeration of a particular thing demonstrates that the omission of another thing is an intentional exclusion." *Palmer v. Commonwealth*, 3 S.W.3d 763, 764 (Ky.App.1999). Without more specific guidance from the legislature or our Commonwealth's higher Courts, this Court will not recognize the cause of action the Martins seek to assert. (Emphasis added.)

(Opinion and Order entered December 14, 2004, at pp. 3–4.)

This appealed followed.

■■■ The Martins argue that they were entitled to a jury trial to determine the damages resulting from the Commonwealth's failure to comply with its duties under KRS 416.670. They allege that the Commonwealth "wrongfully withheld this property from 1987 until 2005, during which damages have accrued." (Appellants' brief at p. 7.) The gist of their argument is that the failure to return the property in 1987 "in and of itself is a taking of property, which would entitled [*sic*] [them] to compensation." (*Id.*, at p. 9.)

■■■ We are not persuaded that the Commonwealth's failure to give the Martins notice of their right to repurchase the

condemned property constituted a separate, compensable *taking* as contemplated by our laws applicable to eminent domain.

The question of a legal taking is crucial. A taking is generally defined as the entering upon private property and devoting it to public use so as to deprive the owner of all beneficial enjoyment. Private property shall not be taken without just compensation. *See* 26 Am. Jur.2d, *Eminent Domain,* § 157.

*Commonwealth, Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Co.,* 678 S.W.2d 378, 381 (Ky.1984). The Eminent Domain Act of Kentucky defines *condemn* as "to take private property for a public purpose"; *property* is defined as "real or personal property, or both, of any nature or kind that is subject to condemnation." KRS 416.540(1) and (5).

The Commonwealth correctly observes that the 1979 deed of conveyance vested it with fee simple title to the property. The Martins did not retain a reversionary interest in the property, and KRS 416.670 cannot be construed as creating a reversionary interest in the Martins. The statute does not require the Commonwealth to re-convey property automatically upon abandonment of its proposed public use. Instead, it merely requires the Commonwealth to give the condemnees notice of their "right of redemption"; that is, their right to repurchase the property at the amount received as compensation for the original condemnation. *See, Miles v. Dawson,* 830 S.W.2d 368, 371 (Ky.1991).

After 1979, the Martins retained no interest in the property subject to condemnation. Thus, there is no merit to their contention that the Commonwealth's delay of offering the property for sale constituted a continued taking compensable under KRS 416.620 as there remained no interest subject to a taking. The trial court was

correct in citing the remedy provided by KRS 416.670 as the only relief to which the Martins are entitled. *Vandertoll, supra,* at 795. The trial court correctly determined that the statute does not necessarily succeed in making the condemnees whole. For example, it does not provide for compensation for injury to the property; nor does it provide for compensation for loss of use, lost profits, or loss of enjoyment (the types of damages the Martins now seek) for land taken but not developed. It simply and solely requires the Commonwealth to offer the surplus property to the previous owners for repurchase at the price of acquisition.

Thus, the Martins have already obtained all the relief to which they are entitled under KRS 416.670. We conclude, therefore, that the trial court did not abuse its discretion in refusing to allow them to file their second amended complaint; nor did it err as a matter of law in dismissing their amended complaint seeking monetary damages from the Commonwealth.

The judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.