RENDERED: DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1517-MR

SARAH WASSON, AS                                                      APPELLANT
SUPERINTENDENT OF THE LEE
COUNTY SCHOOLS


                        APPEAL FROM LEE CIRCUIT COURT
v.                    HONORABLE MICHAEL DEAN, JUDGE
                        ACTION NO. 20-CI-00076


KIM WILLIAMS                                                           APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Sarah Wasson, as Superintendent of the Lee County Schools,

brings this appeal from an October 8, 2020, Amended Final Judgment of the Lee

Circuit Court concluding the involuntary transfer of Kim Williams violated

Kentucky Revised Statutes (KRS) 160.345(2)(b)1. We affirm.

In 2019, Williams was employed by the Lee County Board of Education (the Board) as an itinerant librarian. Williams had been employed by the Board for over twenty years. As itinerant librarian, Williams divided her work-time between the Lee County Middle High School (LCMHS) and Lee County Elementary School (LCES). In May of 2019, Williams was elected as a teacher representative to the School Based Decision Making (SBDM) Council at LCMHS for the 2019-2020 school year.[1]

On February 26, 2020, Superintendent Wasson met with Williams and delivered a letter informing Williams that she was being transferred from itinerant librarian for LCMHS and LCES to full-time librarian for LCES. Williams subsequently received a second letter from Superintendent Wasson on May 4, 2020, reiterating Wasson's decision to transfer Williams to LCES as librarian for the 2020-2021 school year. Then, on May 11, 2020, Williams was re-elected to a consecutive term on the SBDM Council at LCMHS for the 2020-2021 school year.[2]

By letter dated May 13, 2020, Williams informed Superintendent Wasson that the involuntary transfer to LCES was legally prohibited as Williams had been elected to serve as a teacher representative on the SBDM Council for

---

[1] The 2019-2020 school year ran from August 1, 2019, to July 31, 2022.

[2] The 2020-2021 school year ran from August 1, 2020, to July 31, 2021.

LCMHS for the 2020-2021 school year.  By correspondence dated May 18, 2020, Superintendent Wasson informed Williams that she could remain in her current position as itinerant librarian for LCMHS and LCES until July 31, 2020; however, effective August 1, 2020, Williams would be transferred to LCES as full-time librarian.

On July 9, 2020, Williams filed a complaint and petition for declaration of rights in the circuit court against the Board of Education of Lee County[3] and Superintendent Wasson.  Williams also filed a motion for temporary injunction and for final judgment on July 13, 2020.  By Amended Final Judgment entered October 8, 2020, the circuit court viewed the material facts as undisputed and held "that any involuntary reassignment or transfer prior to expiration of [Williams'] 2020-2021 term on the LCMHS [SBDM] Council is unlawful under [KRS] 160.345 (2)(b)(1)[sic][.]"  October 8, 2022, Amended Final Judgment at 7. The circuit court also issued a permanent injunction "barring the involuntary reassignment or transfer of [Williams] prior to expiration of her 2020-2021 term." October 8, 2020, Amended Final Judgment at 7.  This appeal follows.

Superintendent Wasson contends the circuit court erred by determining that Williams' involuntary transfer to LCES violated KRS 160.345.

---

[3] The Board of Education of Lee County was subsequently dismissed as a party from the litigation with no objection from Kim Williams.

More particularly, Superintendent Wasson asserts the circuit court erred by interpreting KRS 160.345(2)(b)1 as providing that Williams' election to the SBDM Council for the 2020-2021 term at LCMHS prohibited her involuntary transfer to LCES. Superintendent Wasson acknowledges that the material facts are undisputed and that resolution of this appeal is dependent upon an interpretation of KRS 160.345(2)(b)1.

KRS 160.345(2)(b)1 provides, in relevant part:

> (b) 1. The teacher representatives shall be elected for one (1) year terms by a majority of the teachers. **A teacher elected to a school council shall not be involuntarily transferred during his or her term of office.** The parent representatives shall be elected for one (1) year terms. The parent members shall be elected by the parents of students preregistered to attend the school during the term of office in an election conducted by the parent and teacher organization of the school or, if none exists, the largest organization of parents formed for this purpose. Council elections may allow voting to occur over multiple days and via electronic means. A school council, once elected, may adopt a policy setting different terms of office for parent and teacher members subsequently elected. The principal shall be the chair of the school council.

KRS 160.345(2)(b)1 (emphasis added).

It is well-established that interpretation and construction of a statute is a matter of law for the court. *City of Worthington Hills v. Worthington Fire Protection District*, 140 S.W.3d 584 (Ky. App. 2004). However, where the terms

of a statute are clear and unambiguous, the statute must be given effect as written without resort to rules of construction or interpretation. *Mondie v. Commonwealth*, 158 S.W.3d 203 (Ky. 2005); *Vandertoll v. Commonwealth*, 110 S.W.3d 789 (Ky. 2003). In both instances, our review proceeds *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717 (Ky. 2000).

KRS 160.345(2)(b)1 is clear and unambiguous. The statute as written plainly prohibits the involuntary transfer of a teacher representative of a SBDM Council during her term of office. An involuntary transfer during a term of office would prevent a teacher representative on the SBDM Council from holding the office to which she was elected. Williams was already serving as a SBDM Council member for the 2019-2020 term of office when she was re-elected to a successive term of office for the 2020-2021 term. The successive term of office commenced the day after her previous term concluded. The reassignment of Williams by Superintendent Wasson as librarian at LCES for the 2020-2021 school year clearly constituted an involuntary transfer of Williams. Thus, Williams was a teacher representative on the SBDM Council at all relevant times during this controversy and is protected from an involuntary transfer by KRS 160.345(2)(b)1. Accordingly, we conclude that the circuit court did not err by determining that Williams' involuntary transfer violated KRS 160.345(2)(b)1.

For the foregoing reasons, the Amended Final Judgment of the Lee

Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jonathan C. Shaw
Grant R. Chenoweth
Paintsville, Kentucky

BRIEF FOR APPELLEE:

John K. Wood
Jeffrey S. Walther
Lexington, Kentucky