RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0088-MR

JAMES ADAM HAYNES                                      APPELLANT

v.
APPEAL FROM CALLOWAY CIRCUIT COURT
HONORABLE JILL CLARK, JUDGE
ACTION NO. 20-CI-00173

SABRINA D. HAYNES (NOW
KLOTZ)                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; JONES AND KAREM, JUDGES.

JONES, JUDGE: The Appellant, James Adam Haynes, appeals the portion of the

Calloway Circuit Court's August 23, 2021, order increasing his monthly child

support obligation from $500.00 to $829.00.[1] James asserts the trial court erred

---

[1] James also indicates that he is appealing the trial court's denial of his Kentucky Rule of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate a judgment. However, orders denying CR 59.05 motions are interlocutory and not subject to appellate review. *Cabinet for Health and Family Services v. Marshall*, 606 S.W.3d 99, 103 (Ky. App. 2020). "Our case law is clear . . . that there is no appeal from the denial of a CR 59.05 motion. The denial does not alter the

because it did not take into account the premiums he pays for the two children's health insurance as part of its calculations before setting his new child support obligation as required by KRS[2] 403.211(7)(a). The Appellee, Sabrina D. Haynes (now Klotz), counters that the trial court did not err because James failed to timely present evidence regarding the amount he expends for the children's health insurance. Having reviewed the record and being otherwise sufficiently advised in the law, we affirm.

## I. BACKGROUND

James and Sabrina were divorced by a final decree entered by the County Court at Law in Wichita County, Texas on October 31, 2012. At the time of their divorce, the parties had two minor children, E.K. (born 2008) and C.J. (born 2010). Pursuant to the Texas decree the parties were ordered to share joint legal custody of the children. Sabrina was designated as the primary residential parent with James having timesharing.[3] James's child support obligation was $500 per month.

---

judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion." *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019).

[2] Kentucky Revised Statutes.

[3] James was granted timesharing with the children during the first, third, and fifth weekends of each month.

At the time of the divorce, James was living in Jonesboro, Arkansas, and Sabrina and the children had relocated to Murray, Kentucky. On motion of the parties, the Calloway Circuit Court registered the Texas divorce decree in Kentucky in February 2021.[4] In March 2021, James moved the Calloway Circuit Court to modify timesharing to designate him the primary residential parent as allegedly desired by the children, permit the children to relocate to Jonesboro, Arkansas, to reside primarily with him, and order Sabrina to pay child support to him if he was designated the primary residential parent.

Sabrina responded to James's motion by filing a countermotion to modify timesharing and child support. For her part, Sabrina requested modification of the timesharing arrangement to require James to exercise some of his timesharing closer to Murray, Kentucky. She explained that the children were now older and their frequent travel to Arkansas interfered with their extracurricular activities. Noting that child support had not been altered since 2012, Sabrina requested the trial court to review child support based on the parties' current incomes and if more than a 15% deviation existed to modify it according to Kentucky's child support guidelines. Sabrina attached proof of her current income

---

[4] KRS 426.955 ("A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner.").

to her motion. She further averred that she was unaware of James's current income.

In July 2021, with the prior motions still pending, Sabrina filed another, more detailed motion regarding child support. Sabrina attached her pay stubs and tax returns to her motion in addition to a draft child support worksheet completed by her counsel. According to the draft worksheet, Sabrina's monthly gross income is $3,733.00 and James's monthly gross income is $4,931.66. Notably, Sabrina left section 9 of the worksheet, which asks for the amounts the parties contribute to the children's health insurance premiums or cash medical support, blank. She further handwrote a "?" mark in the far right-hand column of section 9, indicating that she was unsure of the amounts James expended on health insurance premiums for the parties' two children. According to Sabrina's calculations, James's current child support obligation should be $825.36.

On August 9, 2021, the trial court held a hearing for the purpose of receiving testimony and proof related to timesharing and child support. Much of the hearing focused on the timesharing issue, and James concedes that he failed to offer any proof at the hearing regarding the amounts he contributes each month for the children's health insurance premiums.

Two days after the hearing, James filed four exhibits that his counsel asserted were "documentation of health insurance costs paid by [James] for the

minor children." The first documents are James's bi-weekly pay stubs for the three periods immediately preceding the hearing: 1) June 20, 2021 to July 3, 2021, showing that $345.28 was deducted from James's paycheck for insurance; 2) July 4, 2021 to July 17, 2021, showing that $345.28 was deducted from James's paycheck for insurance; and 3) July 18, 2021 to July 31, 2021, showing that $345.28 was deducted from James's paycheck for insurance. The paycheck stubs do not indicate what type of insurance is at issue or for whom the coverage applies. The other document is a printout addressed to Haag Brown LLC, James's employer; it contains a chart labeled "ABCBS Metallic Plan-ABCBS Gold 1000 Elite." The chart lists various age bands from 0-14 to 64+. Beside each band is a sum denoted as "Total Monthly Health Cost." It is unclear whether the "total monthly" cost is the cost to the employee or the total cost to the employer. James did not include an affidavit explaining the documents with his filings.

On August 23, 2021, the trial court entered an order on the parties' pending motions to modify timesharing and child support. With respect to timesharing, the trial court denied James's motion to become the children's primary residential parent. As to child support, the trial court ruled as follows:

> The parties have stipulated [James's] income is $59,000 ($50,000 salary and $9,000 farming) and [Sabrina's] income is $44,000. [James] now pays child support in the amount of $500 per month. Neither party submitted proof of health insurance payments for the children. Effective March 9, 2021 (date [James] requested child

support modification) [James] shall pay [Sabrina] $829.00 per month in child support. (See attached chart).

Record (R.) at 153.

On September 1, 2021, James filed a CR 59.05 motion to alter, amend, or vacate the trial court August 23, 2021, order. On October 3, 2021, James filed a memorandum with the trial court in support of his CR 59.05 motion. As related to child support, James argued:

> 11. KRS 403.211(7)(a) states in relevant part "[i]f health care coverage is reasonable in cost and accessible to either parent at the time the request for coverage is made, the court shall order the parent to obtain or maintain coverage, and **the court shall allocate between the parents, in proportion to their combined monthly adjusted parental gross income, the cost of health care coverage for the child**, in addition to the support ordered under the child support guidelines (emphasis added).
>
> 12. "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and . . . must be given a compulsory meaning." *Bevin v. Commonwealth ex rel. Beshear*, 563 S.W.3d 74, 89 (Ky. 2018); citing *Vandertoll v. Commonwealth*, 110 S.W.3d 789 (Ky. 2003).
>
> . . . .
>
> 35. KRS 403.211(7)(a) makes it compulsory upon the Court to factor into a child support calculation and allocate between the parents, in proportion to their combined monthly adjusted parental gross income, the cost of health care coverage for the child. No evidence of health insurance coverage paid by [James] for the children was provided during the hearing. Regardless, because the statute states that the trial court "shall"

allocate between the parents the cost of health care coverage for the children in proportion to their combined monthly adjusted gross income, to arrive at an accurate child support amount for the paying party, the trial court has an obligation to inquire as to any health insurance coverage paid by either parent.

36. Following the hearing but prior to entry of the Court's Order, proof of health insurance coverage costs paid by [James] was filed with this Court without objection or response from [Sabrina]. [James] pays $475.86 each month for the children at issue in this matter. This amount must be factored into the child support calculation and proper credit given to [James] for the health insurance coverage costs he pays monthly.

37. Based on the agreed upon income of the parties and including the health insurance coverage costs paid by [James], the child support amount to be paid by [James] should be $626.13 each month. A Kentucky Child Support Worksheet is attached.

R. at 172-83.

On October 14, 2021, Sabrina filed a response in objection to James's

CR 59.05 motion. As related to child support, Sabrina argued:

With regard to child support, the application of the health insurance costs cannot be included in this case. This hearing, that included a child support motion, was properly noticed, and [James] had every opportunity to present this evidence at the hearing where he could be cross-examined. A request was never made to leave the record open for supplementation. The documents later filed by [James], after the hearing had concluded, were not listed on [James's] exhibit list or properly provided to [Sabrina] through discovery. The Court cannot consider evidence that was not presented at the hearing. Additionally, the insurance cost documentation provided

is not self-explanatory and the costs that [James] lists in his Motion do not reconcile with the insurance costs reflected on his pay stubs. If the Court, over objection, is going to allow the insurance costs to be included, [Sabrina] would request the opportunity to cross-examine [James] regarding the costs and be required to provide more sufficient documentation.

R. at 186-87.

On December 20, 2021, the trial court entered an order denying James's CR 59.05 motion as to child support as follows:

[James] is correct, this Court shall consider payment of insurance when calculating child support. Unfortunately, [James] chose not to present any proof of insurance payments during the August 9, 2021 hearing. [James] did file a piece of paper after the hearing supposedly showing payment of insurance by [James]. [James] is incorrect in stating this Court must consider inadmissible evidence. The authenticity is not evident on the face of the document and [Sabrina] had no opportunity to cross examine [James] on this claim.

Therefore, the Court's order of $829.00 per month child support effective March 9, 2021, shall stand. Any arrearage accrued by [James] shall be paid at the rate of $200 per month with interest at the rate of 6% per annum.

R. at 199.

This appeal by James followed.

## II. ANALYSIS

James spends the majority of his brief discussing KRS 403.211(7)(a)'s requirement for the trial court to consider health insurance

contributions as part of its child support calculations. However, James fails to appreciate that the trial court can only consider what the parties put before it as evidence. Here, James failed to present any evidence at the hearing regarding his contributions toward the children's health insurance even though he clearly had notice that child support was one of the issues to be determined at the hearing.

While James filed the documents after the hearing, the trial court is correct that they were not properly authenticated. Equally problematic, James did not include a sworn affidavit explaining the documents with his filings. The paycheck stubs showed the total amount that James's employer withheld from his bi-weekly paychecks for "insurance" but did not breakdown what portion of this amount was allocated for coverage of the two children. Since James and his current wife also have children, that amount presumably provides coverage for more than the two children at issue. Additionally, the age-band printout does not make clear whether the quoted amounts are the employee's portion of the health insurance coverage or the total amount of coverage.

"A trial court has broad discretion in controlling its docket[.]" *Augenstein v. Deutsche Bank National Tr. Company as Tr. for Certificateholders of Soundview Home Loan Tr. 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4*, 647 S.W.3d 857, 863 (Ky. App. 2021). The trial court set a hearing on child support. The parties received notice of the hearing and were ordered to file

their lists of witnesses and exhibits in advance of the hearing. Despite being aware that child support was at issue, James did not file a list of exhibits. Additionally, James did not offer any testimony or exhibits at the hearing related to insurance. It was incumbent on him to do so if he wished the trial court to take that information into consideration prior to ruling on the motions. The trial court was not required to accept the unauthenticated documents after the hearing or to convene a new hearing for the purpose of allowing James to submit the documents. This is not a case of the trial court failing to abide by the statute, it is a simple case of James failing to present the proper evidence to the trial court at the proper time.

In sum, while the statute requires a trial court to consider insurance premiums when calculating child support, the trial court is not required to leave the record open in perpetuity. Since no evidence was properly entered for the trial court to consider, it did not abuse its discretion.

### III. CONCLUSION

For the reasons set forth above, we affirm the August 23, 2021, order of the Calloway Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Chris Hendricks
Murray, Kentucky

BRIEF FOR APPELLEE:

Alisha Kay Bobo
Bradly A. Miller
Paducah, Kentucky