**Sonny VENTORS, Appellant,**

v.

**Alonzo WATTS and Nettie Watts, Appellees.**

Court of Appeals of Kentucky.

March 15, 1985.

Tim Wilson, Hindman, for appellant.

Carl C. Perkins, Weinberg, Perkins & Campbell, Hindman, for appellees.

Before COMBS, HOWERTON and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment entered upon a jury verdict awarding appellees $3,270 as damages to their home resulting from blasting at a strip mining site.

Alonzo and Nettie Watts commenced this litigation against Sonny Ventors and Donnie Parsons alleging the damages to the home and notification thereof to the defendant-below. The Wattses claimed the appellant visited their property, inspected the damage and agreed to pay for it. Subsequently, Ventors refused to honor the promise. Following the filing of the complaint, Parsons moved to dismiss as to himself upon the ground that he was not acquainted with or engaged in the coal mining business with Ventors or in Knott County. An order was entered sustaining his motion. Since that entry was never modified or set aside, any further steps contained in the record as to Parsons are a nullity. The case was tried to a jury which awarded damages against Ventors.

Appellant moved for judgment notwithstanding the verdict on the ground that only the self-serving testimony of the appellees supported the jury finding that he was in any way responsible for the mining operation that damaged their property. His motion recited the various evidence he had produced to refute that testimony. In appellant's brief to this Court, he notes that he urged the Court to listen to the trial tapes before ruling on the motion and the judge refused. The judge, before whom the motion was filed, was newly elected and was not the trial judge who had presided over the case. The motion was denied and appellant appeals. We affirm the judgment of the trial court.

■ Appellant alleges as his first error that the refusal of the newly-elected judge to listen to the trial tapes prior to ruling on appellant's motion was clearly erroneous, arbitrary and an abuse of discretion. We note that the record does not disclose any evidence that such a request or motion was made and therefore, assume it was an oral motion at an unrecorded hearing followed by an oral refusal on the part of the judge, likewise unrecorded. Appellant detailed the contested evidence in his motion to the court and had an opportunity to further support his request at the hearing. We find no abuse of discretion. We also note that such a review would have been an exercise in futility for reasons we later discuss at length.

Appellant next alleges as error refusal by the trial judge to grant a mistrial when one of the jurors was observed speaking to one of the appellees during a break in the trial. Both appellant and appellee state that the trial judge investigated the incident and denied the mistrial. Lastly, appellant argues that there is no substantial evidence to support a finding that he had any connection with the mine which conducted the blasting.

■ We have decided to publish this opinion, not because of any errors raised by the appellant, but because of the state of the record. It is the responsibility of the appellant to see that the record is prepared and certified by the clerk within the time prescribed by CR 73.08; CR 75.07(4). The record in this case consists of the untranscribed tapes made of the trial, which can be submitted as the record on appeal in lieu of a transcript pursuant to CR 75.02(3). The tapes submitted with this appeal are inaudible. It may be that a participant at the trial could decipher who was speaking at any individual point on the tape, but for purposes of an effective review by this Court they are worthless. Appellant has also made no effort in his brief to refer us to specific tape and digital counter numbers on the tape recording to support his statement of the case pursuant to CR 76.-12(4)(c)(iii). We have stated in the past that we will not search a record for testimony where no reference to the transcript

is furnished—we now extend that holding to encompass the failure of a party to cite us to digital counter numbers on an untranscribed tape to support his position. *Young v. Newsome,* Ky., 462 S.W.2d 908 (1971).

■ The Civil Rules provide a number of acceptable methods of providing a record for review. Many of the rules attempt to limit the volume of the record to be reviewed, allowing litigants to avoid the expense of transcribing extensive portions of the trial testimony and sparing the Court's searches through similar extensive volumes of the record. Certifying the untranscribed tapes made at hearings is an effective method of keeping expenses down for an appellant and producing a record for review, however, those tapes so used must be clearly audible and as accessible to the reviewing judges as a typed transcript. Substitution of the tapes of the hearing in lieu of a transcript does not lessen the appellant's burden in providing us a record to review.

■ As the appellant has failed to produce any record which we can use to properly conduct a review, we must assume the jurors were presented with evidence that supported their verdict and we likewise assume the evidence supported the decision of the trial court in his refusal to grant a mistrial for juror misconduct. *Porter v. Harper,* Ky., 477 S.W.2d 778 (1972).

The judgment is affirmed.

All concur.