RENDERED:  APRIL 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0689-MR

VALENCIA M. COX                                                                          APPELLANT


APPEAL FROM BULLITT CIRCUIT COURT
v.         HONORABLE RODNEY DARREL BURRESS, JUDGE
ACTION NO. 22-CI-00060


THE BANK OF NEW YORK
MELLON TRUST COMPANY, N.A.,
NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS
CERTIFICATE TRUSTEE ON
BEHALF OF NRZ PASS-THROUGH
TRUST EBO I AND RIVER CREST
HOMEOWNERS ASSOCIATION,
INC.                                                                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND EASTON, JUDGES.

THOMPSON, CHIEF JUDGE:  Valencia M. Cox (Appellant) appeals from a

summary judgment and order of sale entered by the Bullitt Circuit Court, which

directed the Master Commissioner to sell a parcel of real property after Appellant

defaulted on a promissory note. Appellant argues that the Bank of New York Mellon Trust Company N.A., not in its individual capacity, but solely as Certificate Trustee on behalf of NRZ Pass-Through Trust EBO I (Appellee)[1] lacked standing to foreclose the note and mortgage; that she was improperly denied the right to examine the original note; and, that Appellee engaged in fraud. After careful review, we find no error and affirm the judgment and order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant executed a 30-year promissory note on September 25, 2019, in favor of Mortgage Research Center, LLC d/b/a Veterans United Home Loans in the amount of $444,352.00. Using the funds from the loan, Appellant purchased real property at 156 Washington Commons Drive, Mount Washington, Kentucky. Appellant executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Research Center, LLC., securing the note with the real property.

On May 28, 2021, Appellant executed a Loan Modification Agreement, which lowered the interest rate and postponed the maturity date. Appellant defaulted on the loan on August 1, 2021. Appellant also apparently defaulted on her obligation to River Crest Home Owners Association, Inc., which filed a civil action against her in Bullitt Circuit Court.

---

[1] River Crest Homeowners Association, Inc. has not filed a brief.

-2-

Thereafter, Appellee joined the litigation as a cross-claimant seeking to foreclose the note and mortgage. The matter proceeded in Bullitt Circuit Court, culminating in a March 22, 2024 judgment granting Appellee's motion for summary judgment and order of sale. The court found that Appellant defaulted on the note and it directed the Bullitt County master commissioner to sell the property and distribute the proceeds. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary

judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, argues that the Bullitt Circuit Court erred in its entry of summary judgment in favor of Appellee and the order of sale. She disputes the validity of the foreclosure action on multiple grounds. Appellant maintains that Appellee has engaged in fraudulent practices, misrepresented its standing, and failed to provide proper debt validation. She asserts that Appellee's attorneys have no valid relationship with Appellee, rendering their representation fraudulent and void *ab initio*. Appellant argues that Appellee failed to produce the original promissory note, which is a necessary prerequisite to a foreclosure proceeding per the Uniform Commercial Code.[2] She further alleges that the proceedings violated her due process rights, and were violative of the Fair Debt Collection Practices Act.[3] Appellant also argues that the River Crest Homeowners Association, Inc. had no valid contract with her, rendering its action against her unlawful. She requests an opinion reversing the judgment on appeal and dismissing the foreclosure action with prejudice.

---

[2] Kentucky Revised Statutes (KRS) 355.1-101 *et seq.*

[3] 15 United States Code (U.S.C.) §1692.

Appellant has not complied with Rules of Appellate Procedure (RAP) 32(A)(4),[4] which requires,

> [a]n **argument** conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

(Emphasis in original.)

Appellant's argument section of the brief does not contain a statement at the beginning with reference to the record showing whether each issue was properly preserved for review and, if so, in what manner. "A brief may be stricken for failure to comply with any substantial requirement of these rules." RAP 31(H)(1). The rule requiring an argument section including a statement of preservation is a substantial requirement of RAP 32 encompassed by RAP 31(H)(1).

When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App.

---

[4] Formerly Kentucky Rules of Civil Procedure 76.12(4)(c)(v).

2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-155 (Ky. 2021).

If it were clear from the record that Appellant had raised these issues below and the circuit court had addressed them, we may be inclined to ignore the deficiency in preservation and proceed with the review. Appellee asserts, however, that Appellant did not raise these issues below, and we will not search the record to construct Appellant's argument. *Ventors v. Watts*, 686 S.W.2d 833, 834-35 (Ky. App. 1985). Accordingly, we will review the issues raised in Appellant's brief for manifest injustice only. *Hallis*, *supra.* Manifest injustice requires a showing of the probability of a different result, or that the error in the proceeding was of such magnitude as to be shocking or jurisprudentially intolerable. *Martin v. Commonwealth*, 207 S.W.3d 1, 3-4 (Ky. 2006).

The elements of a prima facie case for the foreclosure of a mortgage are: 1) the existence of a note and mortgage, and 2) the borrower's default. *Louthan v. Dollar Bank, FSB*, No. 2018-CA-000820-MR, 2020 WL 2298431, at *5 (Ky. App. May 8, 2020). Appellee entered the note and mortgage into the circuit court record, which evinces Appellant's unconditional promise to pay $444,352.00 to Mortgage Research Center, LLC d/b/a Veterans United Home Loans, or the subsequent holder of the note, with the total amount due by October 1, 2049. Appellee offered proof that it is the holder of the note. Evidence was also adduced

that Appellant defaulted on the note.  Appellee made a prima facie case for the foreclosure.

The question for our consideration, then, is whether Appellant has demonstrated that manifest injustice resulted from the entry of the judgment granting Appellee's motion for summary judgment.  Appellant has alleged that Appellee engaged in fraudulent practices; misrepresented its standing; and, failed to provide proper debt validation by producing the original note.  She further alleges that the proceedings violated her due process rights and was violative of the Fair Debt Collection Practices Act.

We have examined each of these arguments and find no manifest injustice warranting reversal of the judgment on appeal.  Appellant's claim that Appellee cannot lawfully proceed with the foreclosure without establishing a valid agency relationship with its attorney is specious and not supported by the law.  We are also not persuaded by Appellant's contention that Appellee has no standing in this matter because it was not an original party to the note and mortgage agreements.  This argument is refuted by the record, as the note is endorsed by Mortgage Research Center, LLC and Appellee is the holder of the note.  *See* KRS 355.3-301.

Further, we find nothing in the record to support Appellant's claim that Appellee acted fraudulently, nor that the proceeding below deprived Appellant

of her due process rights or statutory rights under the Fair Debt Collection Practices Act. Appellant has simply made a litany of unpreserved claims without citation to the record, and unsupported by adequate reference to the case law or statutory law.

Finally, the judgment on appeal does not address the rights of River Crest Homeowners Association, Inc., other than to note that distribution of sale proceeds shall be made to junior lienholders in the same priority they had on the real estate. Appellant has not shown that the underlying action of River Crest Homeowners Association, Inc. to collect homeowner association fees was improper, nor that it serves as a basis for reversing the judgment on appeal.

## **CONCLUSION**

Appellee met the elements of a prima facie case for foreclosure, and we find no manifest injustice arising from the proceedings below. The record and the law support the entry of summary judgment in favor of Appellee. *Steelvest*, *supra*. For these reasons, we find no error and affirm the judgment and order of the Bullitt Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Valencia M. Cox, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE THE BANK
OF NEW YORK MELLON TRUST
COMPANY, N.A., NOT IN ITS
INDIVIDUAL CAPACITY, BUT
SOLELY AS CERTIFICATE
TRUSTEE ON BEHALF OF NRZ
PASS-THROUGH TRUST EBO I:

Chris Wiley
Columbus, Ohio